UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION

Case No. 2:18-md-2846

CHIEF JUDGE EDMUND A. SARGUS
Magistrate Judge Kimberly A. Jolson

This document relates to:
ALL ACTIONS.

## CASE MANAGEMENT ORDER NO. 1
Providing for Direct Filing of Cases in MDL No. 2846

Whereas Defendants and the Plaintiffs' Steering Committee have submitted a stipulated agreement of direct filing cases into MDL No. 2846, this Court now ORDERS that the following provisions shall apply to the direct filing of individual cases in this MDL.

### A. Direct Filing

To eliminate delays associated with transfer of cases filed in or removed from other federal District Courts to this Court, and to promote judicial efficiency, any plaintiff whose case would be subject to transfer to MDL No. 2846 may file his or her case directly into MDL No. 2846 in the United States District Court for the Southern District of Ohio.

### B. Designation in Complaint

For cases directly filed in the MDL, the complaint must utilize the caption set forth in Section I below and include: (1) a statement indicating that it is being filed in accordance with this Stipulated Order and (2) a designation of venue, which will be the presumptive place of remand

absent a showing by Plaintiffs or Defendants that the place of remand should be elsewhere based upon good cause pursuant to Section F below.

For any case filed in the Southern District of Ohio before entry of this Order, to be considered a direct-filed case pursuant to this Order, Plaintiff(s) must file within forty-five days of entry of this Order a notice of direct filed action pursuant to this Stipulated Order. The notice must include a designation of venue, which will be the presumptive place of remand absent a showing by Plaintiffs or Defendants that the place of remand should be elsewhere based upon good cause pursuant to Section F below.

### C. Reservation of All Rights and Defenses

The direct filing of any Complaint in MDL No. 2846 is solely for purposes of administrative efficiency, centralized discovery, and related pretrial proceedings as provided in 28 U.S.C. § 1407. The direct filing of any Complaint does not constitute a determination by this Court that jurisdiction or venue is proper in this Court. Upon the completion of pretrial proceedings applicable to a case filed directly in MDL No. 2846 pursuant to this paragraph, and where appropriate, the Court shall transfer the case pursuant to 28 U.S.C. § 1404 to a court of appropriate jurisdiction and venue for trial. For any Complaint, no matter how filed, Defendants reserve all rights to present to this Court or the remand court any challenge, including without limitation, challenges to personal jurisdiction and/or venue.

### D. Pretrial Proceedings Only; No *Lexecon* Waiver

Each case filed directly in MDL No. 2846 will be filed in MDL No. 2846 for pretrial proceedings only, consistent with the Judicial Panel on Multidistrict Litigation's August 2, 2018 Transfer Order. The Parties agreement to this order does not constitute a waiver under *Lexecon v. Milberg Weiss Bershard Hynes & Lerach*, 523 U.S. 26 (1998) by either party.

E.  **No Concession as to Jurisdiction or Proper Venue**

The direct filing of any action in MDL No. 2846 pursuant to this Order shall not constitute a determination by this Court that jurisdiction or venue is proper in this District, but that determination may be made by this Court upon appropriate motion by Defendants.

F.  **Transfer for Trial to Federal District Court of Proper Venue**

Upon completion of all pretrial proceedings applicable to a case filed directly before this Court in MDL No. 2846 pursuant to this Stipulated Order, the Court, pursuant to 20 U.S.C. § 1404(a), will transfer that case to the federal district court in the district of proper venue as defined by 28 U.S.C. § 1391, based on the district the Plaintiff(s) designate(s) in his or her direct filed Complaint, or by agreement of the parties, in the manner set forth in Section K below. The designated venue will be the presumptive place of remand absent a showing by Plaintiffs or Defendants that the place of remand should be elsewhere based upon good cause, which could include where the Plaintiff resided at the time of implant surgery, where Plaintiff resided at the time of injury, location of relevant health care professionals, or some other factors. Further, the Parties may agree to a place of remand different than what the Plaintiff designates. Nothing contained in this Stipulated Order shall preclude the Parties from agreeing, at a future date, to try cases filed pursuant to this Stipulated Order in the Southern District of Ohio.

G.  **Choice of Law**

Filing a case directly in MDL No. 2846 pursuant to this Stipulated Order will not determine the choice of law, including the statute of limitations. Any choice of law principles will be decided at a later date.

H.  **Statute of Limitations**

3

All Defendants stipulate and agree that the filing of a complaint directly in MDL No. 2846 pursuant to this Stipulated Order shall have the same effect on any statute of limitations, statute of repose, or prescriptive or preemptive period as if the complaint had been filed in a court of appropriate jurisdiction and venue.

### I.     No Waiver as to Service or Personal Jurisdiction

Defendants' agreement to this direct filing order shall not constitute an appearance by or for any Defendant not properly served and/or not subject to personal jurisdiction.

### J.     Caption

As previously addressed in CMO No. 1, the caption for any complaint that is directly filed in MDL No. 2846 before this Court, and all pleadings filed in this Court thereafter, shall bear the following caption:

| | |
|---|---|
| **IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION** | **Case No. 2:18-md-2846**<br><br>**CHIEF JUDGE EDMUND A. SARGUS**<br>**Magistrate Judge Kimberly A. Jolson** |

**This document relates to:**
**ALL ACTIONS.**

### K.     Filing Under this Order

When utilizing and invoking this Stipulated Order to file a case directly in this MDL, Plaintiff shall assert the following leading paragraph:

> Plaintiff(s) file(s) this Complaint pursuant to Case Management Order 1 and are to be bound by the rights, protections, and privileges and obligations of that Order.

### L.     Attorney Admission

4

Any attorney admitted to practice and in good standing in any United States District Court is admitted *pro hac vice* in this litigation and association of co-counsel for the purposes of filing and/or litigating, including direct filing, is not required.

M.  **Electronic Filing**

All complaints must be filed electronically absent extraordinary circumstances. Prior to any plaintiff's lawyer filing a complaint directly in MDL No. 2846, that attorney must register for and have a Southern District of Ohio CM/ECF login name and password.

N.  **Filing Fees**

Internet credit card payments shall be required for all complaints and made online through pay.gov. Plaintiff's counsel will be prompted to pay the required filing fee at the time of the filing of the complaint.

**IT IS SO ORDERED.**

\_\_9-7-2018_____  
DATE

_____  
EDMUND A. SARGUS, JR.  
**CHIEF UNITED STATES DISTRICT JUDGE**

\_\_9/7/2018_____  
DATE

_____  
KIMBERLY A. JOLSON  
**UNITED STATES MAGISTRATE JUDGE**