UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD,          Case No. 2:18-md-2846
INC., POLYPROPYLENE HERNIA
MESH PRODUCTS LIABILITY
LITIGATION                             CHIEF JUDGE EDMUND A. SARGUS
                                       Magistrate Judge Kimberly A. Jolson

This document relates to:
ALL ACTIONS.

CASE MANAGEMENT ORDER NO. 3
Appointing Plaintiffs' Steering Committee

This Court, having entered Case Management Order No. 1, through which it designated Plaintiffs' interim Co-Lead Counsel and interim Liaison Counsel, now has received from the interim Co-Leads and interim Liaison the Coordinating Plaintiffs' Application for Appointment of Leadership. Through this filing, this Court has reviewed the coordinating plaintiffs' consensus recommendations as well as the summary of the qualifications of the proposed members of the leadership committee. The Court finds that consensus recommendations present a broad range of highly experienced and well qualified counsel with diverse backgrounds and is satisfied that the recommended leadership committee will provide the Court with an effective plaintiffs' leadership group to advance this litigation in an efficient and just manner. This Court, therefore, hereby

ORDERS:

1.     **Scope of Order.**

This Order shall apply to all cases currently pending in *In re: DAVOL, INC./C.R. BARD, INC. POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION*, MDL No. 2846

and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings"). This Order is binding on all parties and their counsel in all cases currently pending or subsequently made part of the MDL proceedings.

**2.      Plaintiffs' Leadership Counsel Appointments.**

The Court appoints the following counsel as Plaintiffs' Co-Lead Counsel, Liaison Counsel, and to the Plaintiffs' Executive Committee and Steering Committee.

**A.      Plaintiffs' Co-Lead Counsel.**

Timothy M. O'Brien
Levin, Papantonio, Thomas,
Mitchell, Rafferty & Proctor, P.A.
316. S. Baylen St., Suite 600
Pensacola, FL 32502
Ph.:    850-435-7000
Fax:    850-435-7020
tobrien@levinlaw.com

Kelsey L. Stokes
Fleming, Nolen & Jez, LLP
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Ph.:    713-621-7944
Fax:    713-621-9638
kelsey_stokes@fleming-law.com

**B.      Plaintiffs' Liaison Counsel.**

David J. Butler
Taft Stettinius & Hollister LLP
65 E. State St., Suite 1000
Columbus, OH 43215
Ph.:    614-221-2838
Fax:    614-221-2007
dbutler@taftlaw.com

**C.      Plaintiffs' Executive Committee ("PEC").**

Troy A. Brenes

2

Brenes Law Group, P.C.
27141 Aliso Creek Rd., Suite 270
Aliso Viejo, CA 92656
Ph.:    949-397-9128
Fax:    949-607-4192
tbrenes@breneslawgroup.com

David R. Buchanan
Seeger Weiss, LLP
55 Challenger Road
Ridgefield Park, NJ 07660
Ph.:    973-639-9100
Fax:    973-639-9393
dbuchanan@seegerweiss.com

Michael A. London, Chair
Douglas & London, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
Ph.:    212-566-7500
Fax:    212-566-7501
mlondon@douglasandlondon.com

C. Brett Vaughn
The Hollis Law Firm, P.A.
5100 W. 95th Street
Prairie Village, KS 66207
Ph.:    913-385-5400
Fax:    913-385-5402
brett@hollislawfirm.com

     **D.     Plaintiffs' Steering Committee ("PSC").**

     The Plaintiffs' Steering Committee includes all of the above-appointed counsel as well as

the following counsel:

Steven C. Babin, Jr.
330 E. Fulton St., Unit B
Columbus, OH 43215
Ph.:    614-746-7740
stevencbabin@gmail.com

Michael C. Bradley
Pittman, Dutton & Hellums, P.C.
2001 Park Place, Suite 1100

Birmingham, AL  35203
Ph.:     205-900-4188
Fax:     205-328-2711
mikeb@pittmananddutton.com

Roger Denton
Denton Law Firm
11 Sugar Bowl Lane
Pensacola Beach, FL  32561
Ph.:     618-407-9865
Fax:     314-621-7151
rdenton1263@icloud.com

Nicholas R. Farnolo
Napoli Shkolnik PLLC
360 Lexington Ave., 11th Floor
New York City, NY  10017
Ph.:     212-397-1000
Fax:     646-843-7603
nfarnolo@napolilaw.com

Andrea Giovannone
Dalimonte Rueb, LLP
1250 Connecticut Ave. NW, Suite 200
Washington, DC 20036
Ph.:     866-600-2757
Fax:     925-932-7001
andrea@drlawllp.com

Lauren E. Godshall
Morris Bart, LLC
601 Poydras Street, 24th Floor
New Orleans, LA  70130
Ph.:     504-217-2535
Fax:     504-599-3380
lgodshall@morrisbart.com

Robert L. Kinsman
Krause & Kinsman Law Firm
4717 Grand Ave., Suite 250
Kansas City, MO  64112
Ph.:     816-760-2700
Fax:     816-760-2800
robert@krauseandkinsman.com

Howard L. Nations

Nations Law Firm
3131 Briarpark Drive, Suite 208
Houston, TX 77042
Ph.:    713-807-8400
Fax:    713-807-8423
nations@howardnations.com

## 3.    Designations, Funding, Future Changes in PSC Structure.

These designations are of a personal nature.  This Court looks to these counsel to undertake

personal responsibility to perform the designated functions and reserves the discretion to replace

these counsel should they become unable or unwilling to do so, or should such other circumstances

arise that warrant the same.  This Court may amend or expand the PSC upon request of the PSC

or on its own motion, if and as circumstances warrant.  This Court is mindful that counsel within

the PSC will be advance funding much of the common benefit litigation and that each of the

members of the PSC have warranted their ability and willingness to advance fund the common

litigation as determined are necessary by the Co-Leads and the PEC.  The failure of any member

of the PSC to meet any of the advanced funding obligations as determined are necessary by the

Co-Leads and the PEC may constitute good cause for removal from the PSC.

## 4.    Duties of Co-Lead Counsel

It shall be the responsibility of Co-Lead Counsel to provide oversight to and coordinate the

responsibilities of the Executive Committee and PSC.  In the event that Co-Lead Counsel should

disagree on any of the following and expressly declare a split to the PEC, the Chair of the PEC

will break the tie with an extra vote that is the Chair's only.

The duties of Co-Lead Counsel in consultation with the chairperson of the Executive

Committee,, and as delegated by such to the PEC and PSC, include, but are not limited to, the

following:

### Administration

a.   Call meetings of counsel for Plaintiffs for any appropriate purpose;

b.   perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders, including organizing sub-committees comprised of plaintiffs' attorneys not on the PSC and assigning them tasks consistent with the duties of the PSC;

c.   monitor the activities of the PEC and PSC and other co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

d.   maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions, for examination by all Plaintiffs or their attorneys in the MDL proceedings;

e.   provide periodic reports to non-PSC plaintiffs' counsel concerning the status of the litigation on no less than a quarterly basis;

f.   to coordinate services and filings;

g.   to maintain and distribute to co-counsel and to Defendants' Counsel an up-to-date service list;

h.   to receive and distribute all pleadings, all Court orders, and motions, provided all counsel shall continue to receive all notices through the Court's CM/ECF system;

i.   to maintain in conjunction with their accountant records of receipts and disbursements advanced by members of the PSC and received by the PSC and to report in writing to the PSC concerning disbursements and receipts;

j.   to act as the treasurer for any common benefit assessments and expenses, which shall be allocated to one of the Co-Lead counsel, not both;

k.   to maintain and make available to all Plaintiffs' counsel of record at reasonable hours a complete file of all documents served by or upon each party (except such documents as may be available at a document depository);

l.   to be available for any telephone conferences convened by the Court and to communicate the substance of any such telephone conference to all other Plaintiffs' counsel; and

m.   perform such other functions as may be expressly authorized by further orders of the Court.

**Discovery**

a.   Initiate, coordinate, and conduct all pretrial discovery on behalf of all Plaintiffs who file civil actions in this Court or that are transferred to this Court pursuant to 28 U.S.C. § 1407 and which are consolidated with this multi-district litigation and are part of the MDL proceeding;

b.   develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all Plaintiffs;

c.   initiate, coordinate, and cause to be issued in the name of all Plaintiffs the necessary discovery requests, motions and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial discovery of relevant issues developed by the PSC. Similar requests, notices and subpoenas may be caused to be issued by the PSC upon written request by the

7

individual attorney in order to assist him/her in preparation of the pretrial stages of his/her client's particular claims; and

d.  conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all Plaintiffs with the assistance from the PSC.

## Motion Practice and Hearings

a.  Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings;

b.  submit and argue or designate other counsel to argue any motions presented to the Court or Magistrate Judge on behalf of all Plaintiffs as well as oppose when necessary any motions submitted by Defendants or third parties;

c.  examine or designate other counsel to examine witnesses and introduce evidence at hearings on behalf of Plaintiffs; and

d.  act or designate other counsel to act as spokesperson(s) for Plaintiffs at pretrial proceedings and in response to any inquiries by the Court.

## Contact with Defense Counsel

a.  Initiate, coordinate and conduct (or designate others to do so) the requisite meet and confers with Defendants, confer with Defendants regarding procedural matters, and negotiate and enter into stipulations with Defendants regarding this litigation; and

b.  explore or designate other counsel to explore, develop and pursue settlement options with Defendants on behalf of Plaintiffs.

8

**5.      Communications with the Court.**

All communications from Plaintiffs with the Court should be through Co-Lead Counsel or Liaison Counsel or, as requested by Co-Lead Counsel, the chairperson of the Executive Committee. If circumstances require direct correspondence with the Court by an individual counsel, copies of any such communications shall be simultaneously served upon Plaintiffs' Co-Lead Counsel or as otherwise delegated.

**6.      No Waiver of Privilege.**

The Court recognizes that cooperation by and among plaintiffs' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege and/or the work product doctrine, if the privilege or doctrine is otherwise applicable, and all of such persons shall maintain the confidentiality of such communications.   Cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

**7.      Individual Claimants' Counsel Responsibility for Their Respective Clients.**

Under no circumstances are Co-Lead Counsel, Liaison Counsel, the members of the PEC, or any member of the PSC responsible for filings, discovery, or any other issue or matter related to an individual plaintiff's case or claim. More specifically, Co-Lead Counsel, Liaison Counsel, the members of the PEC, or any member of the PSC are in no way responsible for the attorney-client relationship and the duties and responsibilities each individual attorney or law firm owe to their client(s) in the prosecution of their individual case(s).

**IT IS SO ORDERED** this 19th day of September 2018.

9-19-2018
_____
DATE

_____
EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**

9/19/2018
_____
DATE

_____
**KIMBERLY A. JOLSON**
**UNITED STATES MAGISTRATE JUDGE**