UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION

Case No. 2:18-md-2846

CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

This document relates to:
ALL ACTIONS.

## CASE MANAGEMENT ORDER NO. 8

### Regarding Plaintiff Profile Forms and Defendant Profile Forms

This Court hereby issues the following Case Management Order to govern the form, procedure, and schedule for the completion and service of Plaintiff Profile Forms ("PPF"), Defendant Profile Form ("DPF") and other documents referenced therein.

I.      Scope of this Order

This Order applies to all Plaintiffs and their counsel in: (a) all actions transferred to MDL 2846 by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its Order of August 2, 2018, including those cases subsequently transferred as tag-along actions; and (b) all related actions originally filed in or removed to this Court. The obligation to comply with this CMO and to provide a PPF shall fall solely to the individual counsel representing a Plaintiff. As with all case-specific discovery, the members of the PSC or PEC are not obligated to conduct case-specific discovery for Plaintiffs by whom they have not been individually retained.

1

## II. Plaintiff Profile Forms

### A. The PPF Form and Service

1. Each Plaintiff in an action in MDL 2846 shall complete and serve upon Defendants via email a completed PPF, the form of which has been agreed to by the parties and approved by the Court, which is attached hereto as Exhibit A, along with all duly executed authorizations for the release of relevant medical records, within 60 days after Defendants serve their Short Form Answer upon a Plaintiff.

2. For cases currently on file and served as of November 21, 2018, a completed PPF, the form of which has been agreed to by the parties and approved by the Court, which is attached hereto as Exhibit A, along with all duly executed authorizations for the release of relevant medical records, shall be served on or before December 19, 2018.

3. The completed PPF and the duly executed authorizations shall be served upon Defendants' counsel via email at: FederalBardService@ReedSmith.com. A copy of the PPF shall be sent to the PEC's designee at bardmdlppf@fleming-law.com.

### B. Amendments

Each Plaintiff shall remain under a continuing duty to supplement the information provided in the PPF.

### C. PPF Deficiency Dispute Resolution

#### 1. Phase I: Deficiency Letter

a. If Defendants deem a PPF deficient, Defendants' counsel shall notify Plaintiff's attorney of record of the purported deficiencies via email and allow such Plaintiff an additional 30 days to correct the alleged deficiency. A courtesy copy of the email shall be sent to the PEC's designee at bardmdlppf@fleming-law.com.

2

    b.    Defendants shall identify the case name, docket number, the 30 day deadline date and include sufficient detail regarding the alleged deficiency(ies).

2. **Phase II: Meet and Confer**

Should a Plaintiff not respond to the deficiency letter within the time required, then Defendants may request a meet and confer. Defendants' counsel shall notify Plaintiff's attorney of record via email of the request to meet and confer and state that the meet and confer shall occur within 14 days. A courtesy copy of the email shall be sent to the PEC's designee at bardmdlppf@fleming-law.com. The parties' meet and confer period shall begin upon receipt of the email by Plaintiffs attorney of record and, absent agreement of the parties, shall be completed by the conclusion of the 14 days.

3. **Phase III: Motion to Compel**

    a.    Following the meet and confer period, should Plaintiff: (i) fail to cure the stated deficiency(ies); (ii) fail to assert objections to same; (iii) fail to respond to or participate in the meet and confer process; or (iv) otherwise fail to provide responses, and absent agreement of the parties to further extend the meet and confer period, at any time following expiration of the fourteen day meet and confer period, Defendants may then file a Motion to Compel the allegedly deficient discovery information via ECF, with a courtesy copy sent via email to Plaintiffs attorney of record and to the PEC's designee at bardmdlppf@fleming-law.com.

    b.    Any motion to compel pursuant to this CMO need not be noticed for presentment as required by Local Rule 7.1.

    c.    Any response to such a motion shall be filed and served within 14 days following the date of service. Any reply, if necessary, shall be filed within 7 days following the date of service of the opposition.

      d.      Absent an Order from the Court granting a request by either or both parties for oral argument, the Court will rule on such motions without hearing argument.

**D. Failure to Serve a PPF**

**1.** Each Plaintiff may request one extension of 30 days to serve a completed PPF, which Defendants shall not unreasonably withhold. Such requests must be made via email to Defendants' counsel before the expiration of the deadline, with a courtesy copy sent to the PEC's designee at bardmdlppf@fleming-law.com.

**2. Phase I: Notice of Non-Compliance**

      a.      Should any Plaintiff fail to serve a PPF within the time required in this CMO, Defendants shall send a Notice of Non-Compliance letter via email to that Plaintiff's attorney of record, with a courtesy copy to the PEC's designee at bardmdlppf@fleming-law.com.

      b.      Following the receipt of the Notice of Non-Compliance, the Plaintiff shall have 21 days to serve the PPF.

**3. Phase II: Meet and Confer**

Should a Plaintiff not respond to the Notice of Non-Compliance within the time required above, then the Defendants may request a meet and confer. Defendants' counsel shall notify Plaintiff's attorney of record via email of the request to meet and confer and state that the meet and confer shall occur within 14 days. A courtesy copy of the email shall be sent to the PEC's designee at bardmdlppf@fleming-law.com. The parties' meet and confer period shall begin upon receipt of the email by Plaintiff's attorney of record and, absent agreement of the parties, shall be completed by the conclusion of the 14 days.

4

4. <u>Phase III: Motion to Compel</u>

    a.    Should a Plaintiff fail to provide an executed PPF following the time period allowed above, Defendants may then move the Court for a motion to compel via ECF, with a courtesy copy sent via email to Plaintiff's attorney of record and to the PEC's designee at bardmdlppf@fleming-law.com.

    b.    Any motion to compel pursuant to this CMO need not be noticed for presentment as required by Local Rule 7.1.

    c.    Any response to such a motion shall be filed and served within 14 days following the date of service. Any reply, if necessary, shall be filed within 7 days following the date of service of the opposition.

    d.    Absent an Order from the Court granting a request by either or both parties for oral argument, the Court will rule on such motions without hearing argument.

### III. Defendant Profile Forms

1.    The parties are still meeting and conferring over the need for and possible format of a Defense Profile Form ("DPF").

**IT IS SO ORDERED.**

11-19-2018
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

11/19/2018
DATE

KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD, INC.,
POLYPROPYLENE HERNIA MESH
PRODUCTS LIABILITY LITIGATION

Case No. 2:18-md-2846

CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

This document relates to:
PLAINTIFF NAME

Civil Action No._____

# PLAINTIFF PROFILE FORM

In completing this Plaintiff Profile Form, you must provide information that is true and correct to the best of your knowledge. The Plaintiff Profile Form shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order. As used in this Plaintiff Profile Form, "Davol/C.R. Bard Hernia Mesh Device" refers to the medical device or devices identified in paragraph 7 of your Short Form Complaint.

## I. CASE INFORMATION

Caption:_____     Docket No.:_____

Primary Attorney Contact (name, address, phone, and email):

_____

## II. PLAINTIFF INFORMATION

Name of Individual Implanted with Davol/C.R. Bard Hernia Mesh Device:

_____

Gender of Individual Implanted with Davol/C.R. Bard Hernia Mesh Device:
  ❏ Male  ❏ Female

Date of birth:_____     Last 4 Digits of Social Security No.:_____

Address:_____

_____

1

Loss of Consortium Claim? ❑ Yes ❑ No

    If yes, name of spouse: _____

Name of Estate Representative if Individual Implanted with Davol/C.R. Bard Hernia Mesh Device is Deceased:

_____

## III. DAVOL/C.R. BARD HERNIA MESH DEVICE INFORMATION

**Date of implant:** _____

**Reason Davol/C.R. Bard Hernia Mesh Device was Implanted:** _____

**Davol/C.R. BardHernia Mesh Device:** _____

**Lot Number:** _____

**Implanting Surgeon:** _____

**Hospital:** _____

---

**Date of implant:** _____

**Reason Davol/C.R. Bard Hernia Mesh Device was Implanted:** _____

**Davol/C.R. Bard Hernia Mesh Device:** _____

**Lot Number:** _____

**Implanting Surgeon:** _____

**Hospital:** _____

*For each Davol/C.R. Bard Hernia Mesh Device, attach the implant operative report and any medical evidence of product identification (product ID sticker); if available.*

## IV. DAVOL/C.R. BARD HERNIA MESH DEVICE REMOVAL/REVISION SURGERY INFORMATION

**Date of surgery:** _____

**Description of surgery:** _____

**Explanting surgeon:** _____

2

**Medical Facility:** _____

**Date of surgery:** _____
**Description of surgery:** _____
**Explanting surgeon:** _____
**Medical Facility:** _____

*For each removal/revision, attach the operative report, any pathology report, and any medical evidence identifying the device removed/revised; if available.*

\*\*\*Attach additional pages as needed to identify other responsive implant or removal/revision procedures.

## V. OUTCOME ATTRIBUTED TO DEVICE

A. Plaintiff asserts the following injuries as a result of the Davol/C.R. Bard Hernia Mesh Device(s):

| | |
|---|---|
| ☐ Abscess(es) | ☐ Loss of testicle(s) |
| ☐ Adhesions | ☐ Mesh migration |
| ☐ Bowel/intestinal obstruction(s) | ☐ Mesh shrinkage |
| ☐ Bowel/intestinal perforation(s) | ☐ Nerve damage |
| ☐ Bowel/intestinal removal(s) | ☐ Other organ perforation(s) |
| ☐ Death | ☐ Pain & Suffering |
| ☐ Recurrence | ☐ Ring break |
| ☐ Fistulae | ☐ Seroma(s) |
| ☐ Infection(s) | ☐ Other (describe below) |

_____
_____
_____

3

Please describe any additional information regarding Plaintiff's physical injury(ies) that Plaintiff believes were caused as result of the Davol/C.R. Bard Hernia Mesh Device(s):_____

_____
_____
_____
_____
_____
_____

**B.** Please list all doctors or other healthcare providers Plaintiff has seen for treatment of any of the alleged injuries listed above.

| Provider Name, Address, and Specialty | Condition Treated | Approximate Dates of Treatment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

***Attach additional pages as needed to describe injuries or identify other responsive health care providers.

4

## VI. MEDICAL HISTORY

A. **Prior to the first Davol/C.R. Bard Hernia Mesh Device implant, has Plaintiff ever had:**

| | |
|---|---|
| Diabetes: | ☐ Yes ☐ No ☐ Unknown/Unsure |
| Adhesions or Adhesive Disease: | ☐ Yes ☐ No ☐ Unknown/Unsure |
| Hernia and/or Prior Hernia Repair: | ☐ Yes ☐ No ☐ Unknown/Unsure |
| Irritable Bowel Syndrome: | ☐ Yes ☐ No ☐ Unknown/Unsure |
| Lupus: | ☐ Yes ☐ No ☐ Unknown/Unsure |
| Auto Immune Disorder: | ☐ Yes ☐ No ☐ Unknown/Unsure |
| Anemia or other blood disorder: | ☐ Yes ☐ No ☐ Unknown/Unsure |
| Respiratory disease (i.e. Emphysema and/or COPD): | ☐ Yes ☐ No ☐ Unknown/Unsure |
| Any disease of the gut, intestines, or bowels: | ☐ Yes ☐ No ☐ Unknown/Unsure |
| Any abdominal surgery(ies): | ☐ Yes ☐ No ☐ Unknown/Unsure |

**With regard to cigarettes, Plaintiff is a:**
(PLEASE CHECK ONLY ONE)

☐ Non-smoker
☐ Current Smoker (please answer question 1 below)
  1. How many packs a day does Plaintiff smoke? _____
☐ Former Smoker (please answer question 2 below)
  2. Approximately when did Plaintiff quit? _____

## VII. OTHER

A. (1) Is Plaintiff claiming damages for lost wages: ☐ Yes ☐ No

   (2) If so, for what time period(s): _____

B. (1) In the past seven years has Plaintiff filed for bankruptcy: ☐ Yes ☐ No

   (2) If so, when? _____

5

## AUTHORIZATIONS AND MEDICAL RECORDS TO BE PRODUCED

Provide duly executed medical records authorization forms attached as Ex. A for all healthcare providers identified in Section V.B. These authorization forms will authorize the records vendor selected by the parties to obtain those records identified in the authorizations from the providers identified within this Plaintiff Profile Form.

Provide a copy of all medical records in your possession, custody, or control (including any medical records in your attorney's possession) related to the claims and/or alleged injuries in this case.

Signed this_____Day of_____2018

_____
Plaintiff's Counsel of Record
Firm Name
Firm Address
Firm Address 2
Phone
Email

## LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION
(Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03)

**TO:** _____

**Patient Name:** _____ **SSN:** _____ **DOB:** _____

I, _____, hereby authorize you to release and furnish to: Reed Smith LLP and/or Litigation Management, Inc., 6000 Parkland Boulevard, Mayfield Heights OH 44124, copies of the following information:

- All records, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, x-rays, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and records created or received by you or other physicians or staff, as well as all autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram and cardiac catheterization reports.
- All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.
- All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.
- All billing records including all statements, itemized bills, and insurance records.

**\*\*Notwithstanding the broad scope of the above disclosure requests, the undersigned does not authorize the disclosure of notes or records pertaining to psychiatric, psychological, or mental health treatment or diagnosis as such terms are defined by HIPAA, 45 CFR §164.501.**

1. To my medical provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants. This document does not authorize you to discuss with any individual any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition. This document does not limit your ability to testify at deposition or trial about any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition.**

2. I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

3. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire two years from the date of execution.

4. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicate above.

5. A notarized signature is <u>not</u> required. CFR 164.508. A copy of this authorization may be used in place of an original.

Print Name: _____ (plaintiff/representative)

Signature: _____ Date: _____