## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH DEVICES LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>CHIEF JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |

This document relates to:
ALL ACTIONS.

### CASE MANAGEMENT ORDER NO. 12

### Regarding Defendant Profile Forms

This Court hereby issues the following Case Management Order to govern the form, procedure, and schedule for the completion and service of the Defendant Profile Form ("DPF") and other documents referenced therein.

### I.   Scope of this Order

This Order applies to all Plaintiffs, Defendants and their counsel in: (a) all actions transferred to MDL 2846 by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its Order of August 2, 2018, including those cases subsequently transferred as tag-along actions; and (b) all related actions originally filed in or removed to this Court. The obligation to comply with this CMO and to provide a DPF shall fall solely to counsel representing Defendants.

### II.   Defendant Profile Forms

#### A.   The DPF Form and Service

1. Defendants in an action in MDL 2846 shall complete and serve upon Plaintiffs, via email, a completed DPF, the form of which has been agreed to by the parties and approved by the Court, which is attached hereto as Exhibit A.

2. For cases eligible to be included in the Bellwether selection pool, specifically, cases currently on file and served as of November 21, 2018, in which a completed PPF was served on or before December 19, 2018, a completed DPF along with all relevant documents, shall be due on or before January 21, 2019.

3. For all other cases, specifically, cases not referenced in Section II(A)(2) above, a completed DPF along with all relevant documents, shall be due 45 days following the receipt of the Plaintiff Profile Form ("PPF") by Defendants' counsel.

4. The completed DPF and all relevant documents shall be served via e-mail upon Plaintiffs' individual counsel of record, as identified in the PPF. A copy of the DPF shall also be sent to the PEC's designee at bardmdldpf@fleming-law.com.

### B. Amendments

Defendants shall remain under a continuing duty to supplement the information provided in the DPF.

### C. Motion to Compel

Should Defendants fail to provide a DPF following the time period allowed above, Plaintiffs may then move the Court for a motion to compel via ECF, with a courtesy copy sent via email to Defendants' counsel and to the PEC's designee at bardmdldpf@fleming-law.com.

**IT IS SO ORDERED.**

12-19-2018
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**

12/19/2018
DATE

KIMBERLY A. JOLSON
**UNITED STATES MAGISTRATE JUDGE**

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD, INC.,
POLYPROPYLENE HERNIA MESH
PRODUCTS LIABILITY LITIGATION

Case No. 2:18-md-2846

CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

This document relates to:

PLAINTIFF NAME

Civil Action No._____

## DEFENDANT PROFILE FORM

For each case in which a Plaintiff Profile Form ("PPF") was served, the Defendants must complete this Defendant Profile Form ("DPF") in accordance with the schedule established by the Court's Pretrial Order. In completing this Defendant Profile Form, Defendants must answer every question.

**I.  CASE INFORMATION**

This DPF pertains to the following case:

Case caption: _____

Civil Action No.: _____

Court in which action was originally filed: _____

**II.  CONTACTS WITH PLAINTIFF'S HEALTHCARE PROVIDERS**

In each PPF served on Defendants, Plaintiff has identified each physician and/or healthcare provider ("Healthcare Providers") who implanted Defendants' hernia mesh product(s) that are subject to claims in this lawsuit and who removed/explanted and/or revised Defendants' hernia mesh product(s). The below requests for information require the Defendants to search only their electronically stored data based on the names, addresses, and any other identifying information provided in the PPF.

1

With respect to each of the Healthcare Providers identified by Plaintiff in the PPF who implanted Defendants' hernia mesh product(s) that are subject to claims in this lawsuit and who removed/explanted and/or revised Defendants' hernia mesh product(s), provide the following information:

   A.   If Davol ever retained any of these Healthcare Providers as a "thought leader," "Key Opinion Leader," a member of a "speaker's bureau," a "clinical investigator," a "consultant," a "panelist," or in any other capacity, and/or if Bard since 2014 ever retained any of these Healthcare Providers as a "thought leader," "Key Opinion Leader," a member of a "speaker's bureau," a "clinical investigator," a "consultant," a "panelist," or in any other capacity, please provide the following information:

| Name of Healthcare Provider Retained by Davol and/or Bard (indicate which one or both) | Date(s) Healthcare Provider was Retained | Payments Received by Healthcare Provider (Including expenses, honoraria, fees, or any other payment) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

   B.   If any of these Healthcare Providers spoke at or were approved to speak at any Davol-sponsored conferences or events ("Davol Programs") relating to hernia repairs and/or hernia mesh products and/or any Bard-sponsored conferences or events ("Bard Programs") relating to hernia repairs and/or hernia mesh products since 2008, please state:

| Identity of the Healthcare Provider | Location and Date of the Program | Title or Topic of the Program | Provide or Identify the Agenda/Brochure for the Program |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

2

### III. COMMUNICATION WITH THE FDA

A. Identify all MedWatch and/or MAUDE Adverse Event Reports ("AER") and/or any other documents submitted by Bard and/or Davol to the FDA with regard to this Plaintiff based on AER filed by the Plaintiff (other than by virtue of this lawsuit) and/or his or her healthcare providers with respect to the injuries and claims asserted by Plaintiff in the underlying Complaint.

### IV. COMMUNICATION WITH PLAINTIFF

A. Identify any direct contact, either written or oral, between Plaintiff and/or Plaintiff's representative and any employee and/or representative of Defendants, including but not limited to pre-operative inquiries, and post-operative complaints. This request specifically includes, but is not limited to, calls to any Defendant hotline or Assurance Department.

B. As to the implant procedure(s), where Defendants' hernia mesh product(s) were implanted in Plaintiff, state, to the extent known, whether any of Defendants' sales representatives or any other representatives were in attendance at the implantation procedure.

### V. DOCUMENT REQUESTS

A. You are requested to produce the following documents. The below requests for documents require the Defendants to search only their electronically stored data. Please ensure that the production of documentation includes specific reference to the question to which the documentation is provided in response.

1. A true and complete copy of all underlying documentation containing all information set forth in Sections I. through IV. above and any and all documents collected, referred to, or used in forming the responses thereto, including any contracts responsive to Section II.A1 and any agendas/brochures responsive to Section II.A.2.

3

2. A true and complete copy of the complaint file relating to Plaintiff's claims if such file was opened based on an AER filed by the Plaintiff (other than by virtue this lawsuit) and/or his or her healthcare providers, or, in the alternative if already produced, provide the Bates number for the file.

Dated: _____

                                                    _____
Defendants' Counsel of Record
Firm Name
Firm Address
Firm Address 2
Phone
Email