UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION

Case No. 2:18-md-2846

**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Kimberly A. Jolson

**This document relates to:**
*John Greschner v. California Dept. of Corrections, et al.,*
Case No. 2:18-CV-769

## ORDER AND SUGGESTION OF REMAND

This matter is before the Court on pro se Plaintiff John Greschner's ("Plaintiff") Motion for Service of Plaintiff's 42 U.S.C. 1983, and Other State Law Violations on All Defendants Other Than Davol & Bard Defendants. (ECF No. 17). Plaintiff initiated the instant action on August 5, 2015 in the United States District Court for the Eastern District of California. (ECF No. 1). Plaintiff brings products liability claims against C.R. Bard Inc. ("Defendant Bard") and Davol, Inc. ("Defendant Davol") for defective surgical mesh. Plaintiff also asserts various claims against the California Department of Corrections and Rehabilitation, High Desert State Prison, Dr. Jeffrey Rohlfing, Dr. Dale L. Syverson, Dr. Arthur A. Schwartz, and Banner Lassen Medical Center ("Non-Hernia Mesh Defendants"). Plaintiff's claims against the Non-Hernia Mesh Defendants include: (1) constitutional violations pursuant to 42 U.S.C. § 1983, (2) negligence under California Civil Code § 1714(a), and (3) medical malpractice pursuant to California Civil Code § 1714(a).

On August 7, 2018, the Judicial Panel on Multidistrict Litigation ("JPML") transferred this case from the Eastern District of California to this Court as part of the Polypropylene Hernia

Mesh Products Multidistrict Litigation (18-md-2846). (ECF No. 11). Plaintiff now moves for this Court to either: (1) direct the U.S. Marshals Service to serve all Non-Hernia Mesh Defendants, or (2) bifurcate this litigation and return all non-polypropylene hernia mesh products liability claims to the Eastern District of California. Plaintiff also moves for a separate order directing the U.S. Marshals Service to serve Defendants Bard and Davol in connection with his hernia mesh products liability claims.

Per the Transfer Order of the JPML (18-md-2846, ECF No. 1), all centralized cases "share common factual questions arising out of allegations that defects in defendants' polypropylene hernia mesh products can lead to complications when implanted in patients." Plaintiff's constitutional and tort claims against the Non-Hernia Mesh Defendants fall outside this purview. In addition, absent a waiver, this Court lacks personal jurisdiction over the Non-Hernia Mesh Defendants as they have no specific contacts with Ohio.

Generally, a district court may invoke 28 U.S.C. § 1404(a) to transfer a civil action to any other district where it might have been brought. However, a multidistrict litigation ("MDL") transferee court may not directly transfer a case to another district. *Lexecon*, 523 U.S. 26, 40 (1998). Accordingly, an MDL transferee court has two options at or before the conclusion of pretrial proceedings: "terminate the case or allow the JPML to remand the case to the originating transferor court." *Kalama v. Matson Navigation Co., Inc.*, 875 F.3d 297, 308 (6th Cir. 20017) (citing *Lexecon*, 523 U.S. at 34–37).

Accordingly, it is **ORDERED** that the Court **SUGGESTS** to the JPML that all claims against the Non-Hernia Mesh Defendants be remanded to the United States District Court for the Eastern District of California. This Court will retain jurisdiction over all remaining claims. It is further **ORDERED** that the U.S. Marshals Service serve Defendants Bard and Davol in

connection with Plaintiff's hernia mesh claims. Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**. (ECF No. 17).

    IT IS SO ORDERED.

__2-28-2019__
DATE

_____
EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

__3/1/2019__
DATE

_____
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE