UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD,
INC., POLYPROPYLENE HERNIA
MESH DEVICES LIABILITY
LITIGATION

This document relates to:
ALL ACTIONS.

Case No. 2:18-md-2846

CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

CASE MANAGEMENT ORDER NO. 14

Regarding Plaintiff Fact Sheets

This Court hereby issues the following Case Management Order to govern the form, procedure, and schedule for the completion and service of the Plaintiff Fact Sheets ("PFS") and other documents referenced therein.

I.      Scope of this Order

This Order applies to all Plaintiffs, Defendants and their counsel in: (a) all actions selected as Bellwether Pool Cases pursuant to CMO 10 and the Court's forthcoming order. The obligation to comply with this CMO and to provide a PFS shall fall solely on the Plaintiff(s) in an individual case and the individual counsel representing the Plaintiff(s). As with all case-specific discovery, the members of the PSC or PEC are not obligated to conduct case-specific discovery for Plaintiffs by whom they have not been individually retained.

1

II.     **Plaintiff Fact Sheets**

    A.     **The PFS Form and Service**

        1.     Each Bellwether Plaintiff, whose case was selected on January 31, 2019 pursuant to CMO 10, shall complete and serve upon Defendants via email a completed PFS, the form of which has been agreed to by the parties and approved by the Court, which is attached as Exhibit A.

        2.     In accordance with CMO 10, the PFS for the 12 Plaintiffs whose cases have been selected as potential Bellwether trial cases shall be due on or before March 25, 2019.

        3.     The completed PFS and the duly executed authorizations to obtain discoverable records shall be served upon Defendants' counsel via email at: FederalBardService@ReedSmith.com. A copy of the PFS shall be sent to the PEC's designee at bardmdlpfs@fleming-law.com.

    B.     **Amendments**

        Each Plaintiff shall remain under a continuing duty to supplement the information provided in the PFS.

    C.     **PFS Deficiency Dispute Resolution**

        1.     **Phase I: Deficiency Letter**

            a.     If Defendants deem a PFS deficient, then Defendants' counsel shall notify Plaintiff's attorney of record of the purported deficiencies via email and allow such Plaintiff 14 days from the date of notification to correct the alleged deficiency. A courtesy copy of the email shall be sent to the PEC's designee at bardmdlpfs@fleming-law.com.

            b.     Defendants shall include sufficient detail regarding the alleged deficiency(ies).

### 2. Phase II: Meet and Confer

Should a Plaintiff not respond to the deficiency letter within the time required, then Defendants may request a meet and confer. Defendants' counsel shall notify Plaintiff's attorney of record via email of the request to meet and confer and state that the meet and confer shall occur within 7 days. A courtesy copy of the email shall be sent to the PEC's designee at bardmdlpfs@fleming-law.com. The parties' meet and confer period shall begin upon receipt of the email by Plaintiff's attorney of record and, absent agreement of the parties, shall be completed by the conclusion of the 7 days.

### 3. Phase III: Motion to Compel

a.     Following the meet and confer period, should Plaintiff: **(i)** fail to cure the stated deficiency(ies); (ii) fail to assert objections to same; (iii) fail to respond to or participate in the meet and confer process; or (iv) otherwise fail to provide responses, and absent agreement of the parties to further extend the meet and confer period, at any time following expiration of the 7 day meet and confer period, Defendants may then file a Motion to Compel the allegedly deficient discovery information via ECF, with a courtesy copy sent via email to Plaintiffs attorney of record and to the PEC's designee at bardmdlpfs@fleming-law.com.

b.     Any motion to compel pursuant to this CMO need not be noticed for presentment as required by Local Rule 7.1.

c.     Any response to such a motion shall be filed and served within 14 days following the date of service. Any reply, if necessary, shall be filed within 5 days following the date of service of the opposition.

d.     Absent an Order from the Court granting a request by either or both parties for oral argument, the Court will rule on such motions without hearing argument.

**D. Failure to Serve a PFS**

1.    A Bellwether Plaintiff may request one extension of 7 days to serve a completed PFS, which Defendants shall not unreasonably withhold. Such requests must be made via email to Defendants' counsel before the expiration of the deadline, with a courtesy copy sent to the PEC's designee at bardmdlpfs@fleming-law.com.

2.    **Phase I: Notice of Non-Compliance**

a.    Should any Plaintiff fail to serve a PFS within the time required in this CMO, Defendants shall send a Notice of Non-Compliance letter via email to that Plaintiff's attorney of record, with a courtesy copy to the PEC's designee at bardmdlpfs@fleming-law.com.

b.    Following the receipt of the Notice of Non-Compliance, the Plaintiff shall have 7 days to serve the PFS.

3.    **Phase II: Motion to Compel**

a.    Should a Plaintiff fail to provide an executed PFS following the time period allowed above, Defendants may then move the Court for a motion to compel via ECF, with a courtesy copy sent via email to Plaintiff's attorney of record and to the PEC's designee at bardmdlpfs@fleming-law.com.  No meet and confer shall be required for such a motion.

b.    Any motion to compel pursuant to this CMO need not be noticed for presentment as required by Local Rule 7.1.

c.    Any response to such a motion shall be filed and served within 7 days following the date of service. Any reply, if necessary, shall be filed within 5 days following the date of service of the opposition.

d.    Absent an Order from the Court granting a request by either or both parties for oral argument, the Court will rule on such motions without hearing argument.

### E. Authorizations for PFS

In accordance with CMO 8a, the parties agree that, if a Plaintiff does not date the Authorizations attached to the PFS and forwarded to Defendants, then Defendants can date the Authorizations with the date the PFS was served via email to Defendants. Leaving the date on Authorizations blank when forwarded to Defendants shall not constitute a deficiency under this CMO.

Individual plaintiffs' counsel may, by agreement, allow Defendants to fill in any other missing information to avoid a deficiency, including health care provider, patient name, social security number, date of birth, or employer. In no event shall this consent be construed to allow Defendants to fill in missing information that is not listed in the PPF or PFS unless Defendants receive express written authorization from Plaintiff's counsel in an individual case.

Absent an agreement, not including information in the Authorization, other than the date as discussed above, will be addressed pursuant to Section C above. Not signing the Authorizations is considered a deficiency under this CMO.

Should any healthcare provider from which Defendants seek records require a proprietary or special authorization, Defendants shall forward same to Plaintiff's counsel. Plaintiff's counsel will endeavor to use their best efforts to have Plaintiff execute said proprietary or special authorization within 14 days of receiving a copy of the requested proprietary or special authorization from Defendants.

### III.   Access to Medical Records through Litigation Management, Inc. (LMI)

The parties have agreed that Defendants will provide Plaintiffs in each Bellwether Pool case with copies of medical records obtained with authorizations provided along with the PPF or PFS. Upon a written request by counsel for the Plaintiff(s) in a Bellwether Pool case, Defendants

will provide the records within 7 days, along with a bill from LMI for any pass through costs associated with reproducing the records that LMI already obtained for Defendants.  Plaintiff's counsel will then remit payment to Defendants or LMI within 7 days of receipt of the records.

## IV.   Confidentiality

All information disclosed in a PFS, the PFS itself, and all related documents (including health care information) produced pursuant to the PFS or from the authorizations provided therewith shall be deemed confidential and treated as "Confidential Information" under Case Management Order No. 7.

**IT IS SO ORDERED.**

3-7-2019
_____
**DATE**

_____
EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**

3/8/2019
_____
**DATE**

_____
KIMBERLY A. JOLSON
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT
# THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD, INC.,
POLYPROPYLENE HERNIA MESH
PRODUCTS LIABILITY LITIGATION

Case No. 2:18-md-2846

CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

This document relates to:
PLAINTIFF NAME.

Civil Action No._____

## PLAINTIFF FACT SHEET

Those plaintiffs who have been selected, or in the future are selected, as a Bellwether Case and who allegedly suffered injury as a result of a DAVOL/BARD Hernia Mesh Device must complete this Plaintiff Fact Sheet. In completing this Fact Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge. Please answer every question to the best of your knowledge. Do not leave any blanks throughout this Fact Sheet. If you cannot recall all of the details requested, please provide as much information as you can and then state that your answer is incomplete and explain why as appropriate. If you select an "I Don't Know" answer, please state all that you do know about that subject. If you do not have room in the space provided to complete an answer, please attach as many sheets of paper as necessary to fully answer the questions set out below. If you are completing the Fact Sheet for someone who has died or who cannot complete the Fact Sheet him/herself, please answer as completely as you can. If any of the information you need to complete any part of the Fact Sheet is in the possession of your attorney, please consult with your attorney so that you can fully and accurately respond to the questions set out below.

The Fact Sheet shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order. A completed Fact Sheet shall be considered interrogatory responses pursuant to Federal Rules of Civil Procedure 33 and 34 and will be governed by the standards applicable to written discovery under Federal Rules of Civil Procedure 26 through 37.

You must supplement your responses if you learn that they are incomplete or incorrect in any material respect. Should you need to correct or supplement any response made here, please contact your attorneys, and they will assist you in doing so.

As used in this Plaintiff Fact Sheet, "Davol/Bard Hernia Mesh" and "Davol/Bard Hernia Mesh Device" refer to the medical device or devices identified in paragraph 7 of your Short Form Complaint or, if no Short Form Complaint has been filed in the individual action, the device identified as the device at issue in plaintiff's operative complaint. In filling out this form, please use the following definition: "healthcare provider" means any doctor, physician, surgeon, pharmacist, hospital, clinic, center, physician's office, infirmary, medical or diagnostic laboratory,

1

or other facility that provides medical care or advice, and any pharmacy, x-ray department, radiology department, laboratory, physical therapist or physical therapy department, rehabilitation specialist, chiropractor, or other persons or entities involved in the diagnosis, care and/or treatment of you.

## I.    CASE INFORMATION

A.    Name of person who received the DAVOL/BARD Hernia Mesh Device(s): _____

_____

B.    Name of Plaintiff (if different from above) and the relationship of the person completing this form to the person in I(A) above: _____

_____

C.    Provide the following information for the lawsuit that has been filed:

1.    Case caption:_____

2.    Civil action number:_____

_____

D.    If the person completing this Fact Sheet is doing so in a representative capacity (*e.g.*, on behalf of the estate of a deceased person, or on behalf of a minor), please provide the following (**otherwise skip to Section II**):

1.    Your current address:_____

_____

2.    State in what capacity you are representing the individual or estate (for example, as executor, as personal representative, etc.):

_____

3.    If you were appointed as a representative by a court, then state:

a.    Court that appointed you: _____

_____

b.    Date of appointment:_____

4.    If you represent a decedent's estate, then state:

a.    Decedent's date of death:_____

b.    Home address of decedent at time of death:_____

_____

c.    Your relationship to the deceased or represented person:_____

      d.      If you represent a decedent, please attach a copy of the Decedent's death certificate and autopsy report, if any.

E.      Full name of the person completing this form, if different from the person listed in I(A), I(B) or I(D) above, and the relationship of the person completing this form to the person in I(A), I(B), or I(D) above: _____

F.      Name, address, telephone number, fax number and email address of principal attorney representing you:

      Name: _____

      Firm: _____

      Address: _____

      Telephone Number: _____ Fax Number: _____

      E-mail Address: _____

**THE REST OF THIS FACT SHEET REQUESTS INFORMATION ABOUT THE PERSON WHO RECEIVED THE DAVOL/BARD HERNIA MESH DEVICE(S).** Those questions using the term "You" refer to the person who received the DAVOL/BARD Hernia Mesh Device as identified in question I(A) above. Therefore, if you are completing this questionnaire in a representative capacity, please respond to the remaining questions as if they are asking about the person who received the DAVOL/BARD Hernia Mesh Device(s). If the individual is deceased, please respond as of the time immediately prior to his or her death unless a different time period is specified.

## II.    <u>PERSONAL INFORMATION</u>

A.      Prefix (Mr., Ms., Rev., Dr., etc.): _____ / First name: _____

      Last name: _____ / Suffix (Sr., Jr., etc.): _____

      Middle name: _____

      Maiden name (if any): _____

B.      Other names by which you have been known (from prior marriages or otherwise): _____
_____

C.      Male _____ Female _____

D.      Social Security number: _____

E.      Date and place of birth: _____

F.  Present home address: _____

_____

    1.  How long have you lived at this address? _____

_____

    2.  Identify the name and age of any person(s) who currently resides with you and their
relationship to you: _____

_____

G.  Identify each prior home address where you have lived during the last 10 years:

| Prior Address | Dates You Lived At This Address |
|---|---|
| | |
| | |
| | |
| | |

H.  Are you currently married? Yes_____ No_____

**If Yes, please provide:**

    1.  Spouse's name: _____

    2.  Spouse's date of birth: _____

    3.  Spouse's occupation: _____

_____

    4.  Date of marriage: _____

    5.  Were you married before this:

        Yes_____ No_____

**If Yes, please tell us:**

    i.       Spouse's name:_____

    ii.      Approximate dates of the marriage: _____

    iii.     Result of the marriage: _____

I.      Identify all schools you attended, starting with high school:

| Name of School | Address | Dates of Attendance | Degree Awarded | Major or Primary Field |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

J.      Please provide the following information for your employment history over the past 10 years. Note: If you are **not** claiming lost wages or lost earning capacity, you are **not** required to provide your salary or rate of compensation:

| Employer/Company | Address | Occupation/ Job Title | Dates of Employment | Salary /Rate of Pay |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

K.      At any time in the past 10 years have you missed work for more than 10 consecutive days for reasons related to your health and not due to a cold or flu? Yes_____No____

    **If No, skip to Part II.L., below.**

    **If Yes, for each such instance:**

1.   Provide the approximate dates of your absence from work: _____

2.   Identify by name and address your employer at that time: _____

3.   Describe the health condition that prevented you from working, including whether/how the condition resolved such that you were allowed to return to work:

_____

L.   Have you ever served in any branch of the military? Yes_____No_____

**If No, skip to Part II.M, below.**

**If Yes:**

1.   Branch and dates of service:_____

2.   If Yes, were you ever discharged for any reason relating to a medical or physical condition?_____

3.   If Yes, state what that condition was:_____

M.   Have you ever been rejected from military service for any reason relating to your health or physical condition?  Yes_____No_____

**If No, skip to Part II.N, below.**

**If Yes:**

1.   Describe the reason(s) you were rejected from military service. _____

_____

### III.   IMPLANT/EXPLANT INFORMATION

A.   Did you receive a DAVOL/BARD Hernia Mesh Device?  Yes_____No____

How many?  _____

6

**Please give the following information for each DAVOL/BARD Hernia Mesh Device(s) you received or believe you may have received (attach additional sheets as necessary):**

1. The date the DAVOL/BARD Hernia Mesh Device(s) that you identified in your Plaintiff Profile Form was implanted in you:

   _____

2. Provide the size, product code or model number, and lot number of the DAVOL/BARD Hernia Mesh Device(s) you received_____

   _____

   _____

3. Describe the medical condition(s) for which you received the DAVOL/BARD Hernia Mesh Device(s): _____

   _____

   _____

   _____

4. Identify who diagnosed you with that medical condition: _____

   _____

   _____

5. Identify the doctor and hospital or other facility that implanted the DAVOL/BARD Hernia Mesh Device(s): _____

   _____

   _____

   _____

6. Prior to implantation, were you given any written warnings, instructions, or other information regarding the DAVOL/BARD Hernia Mesh Device(s) and/or potential complications of your surgery? Yes _____ No_____ I Don't Know_____

   a. If Yes:

      i. Provide the approximate date you received the warnings, instructions, or other information.

      ii. Identify by name, if you can, the person(s) who provided the warnings, instructions, or other information.

      iii. Provide a copy in accordance of Doc Request X.B.7.

7. Prior to implantation, were you given any oral warnings or instructions regarding the DAVOL/BARD Hernia Mesh Device(s) and/or potential complications of your surgery? Yes _____ No_____ I Don't Know_____

   a. If Yes:

      i. Provide the approximate date you received the warnings or instructions.

      ii. Identify by name, if you can, the person(s) who provided the warnings or instructions.

B.    Was the DAVOL/BARD Hernia Mesh Device(s) that you received removed in whole or in part?   Yes _____ No_____ I Don't Know_____

        **If No, skip to Part III.C., below.**

        **If Yes:**

    a.    Did a healthcare professional advise you to have the DAVOL/BARD Hernia Mesh Device(s) removed in whole or in part prior to the actual removal surgery?

                Yes _____ No_____ I Don't Know_____

        **If Yes:**

        i.    Provide the date(s) that any healthcare professional advised you to have the DAVOL/BARD Hernia Mesh Device(s) removed in whole or in part: _____

        ii.    What reason did the healthcare professional give for his/her recommendation that the DAVOL/BARD Hernia Mesh Device(s) be removed? _____

        iii.    Identify by name and address the healthcare professional who advised you to have the DAVOL/BARD Hernia Mesh Device(s) removed in whole or in part: _____

    b.    Provide the date(s) the DAVOL/BARD Hernia Mesh Device was removed in whole or in part: _____

    c.    Identify by name and address the doctor, hospital, or other facility that removed the DAVOL/BARD Hernia Mesh Device(s) in whole or in part:____

d.    Do you know the current location of your removed DAVOL/BARD Hernia Mesh Device(s)? Yes _____ No_____ I Don't Know_____

    **If Yes:**

    i.    Please identify who is in possession of your removed DAVOL/BARD Hernia Mesh Device(s): _____

        _____

    **If No:**

    i.    Do you know whether your DAVOL/BARD Hernia Mesh Device(s) was destroyed? Yes _____ No_____ I Don't Know_____

        If Yes, please tell us how you know it was destroyed and, if you know, who destroyed it: _____

        _____

        _____

e.    Has the explanted DAVOL/BARD Hernia Mesh Device(s) or other material been returned to Davol, Inc. or C.R. Bard, Inc.?

                          Yes_____No_____I Don't Know _____

    **If Yes:**

    i.    Provide the date the DAVOL/BARD Hernia Mesh Device(s) or other materials were returned: _____

        _____

    ii.   Identify by name and address the person(s) who returned the removed DAVOL/BARD Hernia Mesh Device(s) or other materials:

        _____

        _____

        _____

    iii.  Identify by name and address the person(s) who received the removed DAVOL/BARD Hernia Mesh Device(s) or other materials:

        _____

        _____

        _____

C.    **IF YOUR DAVOL/BARD HERNIA MESH DEVICE(S) HAS _NOT_ BEEN REMOVED IN WHOLE OR IN PART**, please answer the following questions.

    a.    Has any doctor or other health care professional advised you to have the DAVOL/BARD Hernia Mesh Device(s) removed?

        Yes_____ No_____ I Don't Know _____

    **If Yes:**

    i.    Provide the date that any doctor or other health care professional advised you to have the DAVOL/BARD Hernia Mesh Device(s) removed in whole or in part: _____

    _____

    ii.    What reason did the doctor or other health care professional give for his/her recommendation that the DAVOL/BARD Hernia Mesh Device(s) be removed? _____

    _____

    iii.    Identify by name and address the doctor or other health care professional who advised you to have the DAVOL/BARD Hernia Mesh Device(s) removed in whole or in part: _____

    _____

    iv.    Why have you not had the DAVOL/BARD Hernia Mesh Device(s) removed?

    _____

b.    Has any doctor or other health care professional advised you not to have the DAVOL/BARD Hernia Mesh Device(s) removed?
        Yes_____ No_____ I Don't Know _____

**If Yes:**

    i.    Identify by name and address any doctor or other health care professional who has advised you not to have the DAVOL/BARD Hernia Mesh Device(s) removed: _____

    _____

    ii.    Provide the date you were so advised: _____

    iii.    What reason did the doctor or other healthcare professional give for his/her recommendation that the DAVOL/BARD Hernia Mesh Device(s) not be removed? _____

    _____

c.   Do you intend to have the DAVOL/BARD Hernia Mesh Device(s) removed?
Yes_____ No_____ I Don't Know _____

**If Yes:**

i.   Provide the approximate date when it will be removed:_____
_____

ii.   Identify by name and address the doctor, hospital, or other facility that you intend will perform the removal surgery: _____
_____
_____
_____

## IV.   **INJURIES/DAMAGES**

A.  Do you claim that you suffered physical and/or bodily injury resulting from your use of the DAVOL/BARD Hernia Mesh Device?  Yes___  No___

**If No, skip to Part IV.B., below.**

**If Yes, provide the following information:**

1.   Please describe in detail your physical injury(ies) and/or bodily injury(ies) you claim were caused as result of your use of DAVOL/BARD Hernia Mesh Device(s):

_____
_____
_____
_____
_____
_____
_____
_____
_____

2.   When did you first attribute these bodily injuries to the DAVOL/BARD Hernia Mesh Device(s). _____

3.   Are you currently experiencing any physical or bodily injuries as result of your DAVOL/BARD Hernia Mesh Device(s) Yes ___ No ___

**If Yes**, please describe your current symptoms in detail if different than that which is set forth in Question B.1. above. _____
_____
_____

4.      Are you currently seeing, or have you ever seen a doctor or healthcare provider for the physical injuries and/or bodily injuries you claim in Section IV. A.1, above? Yes ___ No ___

**If Yes**, please list all doctors and healthcare providers you have seen for treatment of any of the physical injuries and/or bodily injuries you claim in Section IV. A.1., above.

| Provider Name and Address | Condition treated | Approx. Date of Medical Attention | Treatment Rendered |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

5.  Were you hospitalized at any time for the physical and/or bodily injury(ies) you suffered as a result of DAVOL/BARD Hernia Mesh Device(s)?  Yes___ No ___

**If Yes,** please provide the following:

| Hospital Name and Address | Condition Treated | Approximate Date(s) of Treatment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

12

6. Has any doctor attributed your physical and/or bodily injuries to the DAVOL/BARD Hernia Mesh Device(s)? Yes_____No_____I Don't Know _____

   **If Yes:**

   d. Provide the approximate date that a doctor or other health care practitioner first advised you that these bodily injuries were attributed to the DAVOL/BARD Hernia Mesh Device(s) that you received: _____
   _____
   _____

   e. Identify by name and address the doctor, hospital, or other facility that attributed these bodily injuries or symptoms to your DAVOL/BARD Hernia Mesh Device(s): _____
   _____
   _____
   _____
   _____

B. Do you claim to have suffered any psychiatric or psychological injuries requiring medical treatment as a result of your implantation of the DAVOL/BARD Hernia Mesh Device(s)? Yes_____No_____

   **If No, skip to Part IV.C., below.**

   **If Yes:**

   2. Are you currently seeing, or have you seen, a psychiatrist, psychologist or any other mental healthcare professional as a result of your implantation of the DAVOL/BARD Hernia Mesh Device(s).

   Yes_____No_____

   3. Describe your psychiatric and/or psychological injuries as a result of your implantation of the DAVOL/BARD Hernia Mesh Device(s): _____
   _____
   _____
   _____
   _____
   _____

   4. Provide the following information for any doctor, psychiatrist, psychologist, or other mental health professional who has treated you or is now treating and/or advising you for your injuries:

   a. Dates of treatment: _____

b. Name: _____

_____

c. Address: _____

_____

_____

5. Has any doctor, psychiatrist, psychologist, or other mental health professional attributed these psychiatric and/or psychological injuries to the DAVOL/BARD Hernia Mesh Device(s)?

Yes_____No_____I Don't Know _____

**If No, skip to Part IV.C., below.**

**If Yes:**

a. Identify by name and address the doctor, hospital, or other facility that attributed these psychiatric and/or psychological injuries to your DAVOL/BARD Hernia Mesh Device(s): _____

_____

_____

_____

C. Do you claim that you have experienced lost wages or lost earning capacity resulting from your use of the DAVOL/BARD Hernia Mesh Device(s)?  Yes_____No_____

**If No, skip to Part IV.D., below.**

**If Yes:**

a. Identify the employer: _____

_____

b. State the approximate amount of time which you have lost from work as a result of the injuries you believe were caused by your use of the DAVOL/BARD Hernia Mesh Device(s):

_____

_____

c. State the approximate amount of lost income through your employment: _____

_____

**[Attach additional sheets as necessary to provide the same information for any other lost income or lost earning capacity for any additional employers.]**

D. Have you expended any out-of-pocket expenses as a result of your DAVOL/BARD Hernia Mesh Device(s)?

Yes_____No_____

14

**If Yes:**

    a.  Please identify and itemize all out-of-pocket expenses you have incurred:

        _____

        _____

        _____

        _____

E.    Was any portion of your surgery or any other medical procedures relating to your surgery or physical and/or bodily injury claimed herein covered by health insurance, Medicare or Medicaid?

        Yes _____ No_____ I Don't Know_____

F.    Do you have any outstanding bills for your medical care and treatment as a result of any injury(ies) and/or bodily injury(ies), including any surgery or any other medical procedures relating to your claims in this case, and the approximate amount owed.

        Yes _____ No_____ I Don't Know_____

## V.   PRIOR LEGAL AND CLAIM HISTORY INFORMATION

A.    Have you ever filed a lawsuit other than the present suit, relating to any bodily injury within the past 10 years?         Yes_____ No_____

    **If Yes**, please explain the nature of the case, where it was filed, the case number, and identify your lawyer:

    _____

    _____

    _____

    _____

B.    Have you applied for workers' compensation, social security, or state or federal disability benefits within the past 10 years?       Yes_____No_____

    **If Yes, then as to each application, separately state:**

    1.    Date (or year) of application: _____

    2.    Type of benefits: _____

    3.    Nature of claimed injury/disability: _____

    4.    Period of disability: _____

    5.    Amount awarded:_____

    6.    Basis of your claim:_____

7.   Was claim denied?   Yes_____No_____

8.   To what agency or company did you submit your application:

_____

9.   Claim/docket number, if applicable: _____

C.   In the last 10 years, have you been convicted of, or pled guilty to, a felony and/or crime of fraud or dishonesty?  Yes_____No_____

**If No, skip to Part III, below.**

**If Yes:**

1.   Please set forth where, when and the felony and/or crime. _____

_____

_____

D.   Have you filed for bankruptcy in the past 7 years?

Yes _____ No _____

If yes, identify the court in which the bankruptcy proceeding was filed, the date of the filing, the case number, and the current status:

_____

_____

_____

## VI.   MEDICAL BACKGROUND

A.   Provide your current: Age_____/ Height_____/ Weight _____

B.   At the time you received your first DAVOL/BARD Hernia Mesh Device, please state:
Your age_____/ Your approximate weight _____

C.   In chronological fashion, identify (1) any and all prior hernia surgeries and/or any surgeries where a permanent material was implanted in your body (other than sutures) and (2) all surgeries that you have undergone since 10 years before the date of the implantation of your first DAVOL/BARD Hernia Mesh Device:

| Approx. Date | Description of Surgery | Doctor or Healthcare Provider Involved |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

16

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**[Attach additional sheets as necessary to provide the requested surgical information]**

D.     Other than the DAVOL/BARD Hernia Mesh Device(s) that is/are subject of your lawsuit, have you been implanted with any other hernia mesh products, biologic products for hernia repair, or absorbable products for hernia repair? Yes____ No_____

   **If Yes,** please provide the following information:

a. Product Name(s):_____

b. Date of implantation procedure(s) and name and address of implanting doctor(s): _____

_____

_____

_____

_____

c. Condition(s) sought to be treated through placement of the product(s): _____

_____

_____

d. Whether the product(s) remain implanted inside of you today?
        Yes ____ No ____ Don't Know_____

E.     To the extent not already provided in the charts at Part VI.C. and Part VI.D., above, provide the name, address, and telephone number of every doctor, hospital, or other health care provider from which you have received medical or healthcare advice and/or treatment for the past 10 years, other than treatment for psychiatric and/or mental health related conditions unless you are asserting claims for said injuries under Section IV.B., above.

| Name and Specialty | Address | Approx. Dates/Years of Visits |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

F.     **Other than what you are claiming as your INJURIES related to your DAVOL/BARD Hernia Mesh Device(s),** to the best of your knowledge, over the past 20 years have you been told by a doctor or any other health care provider, that you have suffered, may have suffered, or presently do suffer from any of the following:

1.  Hernias (other than the one you repaired with DAVOL/BARD Hernia Mesh Device(s))   Yes _____   No _____   Unsure _____

2.  Recurrent Hernia(s)   Yes _____   No _____   Unsure _____

3.  Recurrent or Chronic Infections   Yes _____   No _____   Unsure _____

    Specify location and nature of infection:_____

4.  Fistulas   Yes _____   No _____   Unsure _____

5.  Adhesions   Yes _____   No _____   Unsure _____

6.  Bowel Obstruction   Yes _____   No _____   Unsure _____

7.  Bowel Perforation   Yes _____   No _____   Unsure _____

8.  Peritonitis/Sepsis   Yes _____   No _____   Unsure _____

9.  Malnutrition   Yes _____   No _____   Unsure _____

10.  Anemia   Yes _____   No _____   Unsure _____

11.  Chronic  Obstructive  Pulmonary  Disease (COPD)   Yes _____   No _____   Unsure _____

12.  Emphysema   Yes _____   No _____   Unsure _____

13.  Connective Tissue Disorder   Yes _____   No _____   Unsure _____

18

| 14. | Collagen Disorder | Yes _____ | No _____ | Unsure _____ |
|---|---|---|---|---|
| 15. | Aneurysm | Yes _____ | No _____ | Unsure _____ |
| 16. | Muscle or Muscle-Wasting Disorder | Yes _____ | No _____ | Unsure _____ |
| | Specify condition:_____ | | | |
| 17. | Hypertension or high blood pressure | Yes _____ | No _____ | Unsure _____ |
| 18. | Hypotension or low blood pressure | Yes _____ | No _____ | Unsure _____ |
| 19. | Obesity | Yes _____ | No _____ | Unsure _____ |
| 20. | Heart Attack or Congestive Heart Failure | Yes _____ | No _____ | Unsure _____ |
| 21. | Stroke | Yes _____ | No _____ | Unsure _____ |
| 22. | Diabetes | Yes _____ | No _____ | Unsure _____ |
| 23. | Thyroid dysfunction | Yes _____ | No _____ | Unsure _____ |
| 24. | Crohn's disease | Yes _____ | No _____ | Unsure _____ |
| 25. | Irritable bowel syndrome | Yes _____ | No _____ | Unsure _____ |
| 26. | Diverticulitis | Yes _____ | No _____ | Unsure _____ |
| 27. | Any other disease of the gut, intestines, or bowel | Yes _____ | No _____ | Unsure _____ |
| | Specify condition:_____ | | | |
| 28. | Neuromuscular disease or disorder | Yes _____ | No _____ | Unsure _____ |
| | Specify condition:_____ | | | |
| 29. | Immune system disease or dysfunction | Yes _____ | No _____ | Unsure _____ |
| | If yes, specify:_____ | | | |
| 30. | Any alcohol or chemical dependency addiction | Yes _____ | No _____ | Unsure _____ |
| | If yes, specify:_____ | | | |
| 31. | Any history of tobacco use | Yes _____ | No _____ | Unsure _____ |

If yes, specify type (cigarettes, cigars, chewing tobacco, frequency, when started and when quit, if applicable:_____

_____

_____

_____

G.   To the extent not previously disclosed in response to Part IV, above, list each prescription medication you have taken regularly for the past ten 10 years. Note, "regularly" shall be defined to mean for at least 60 days. Please include the reason you took the medication, and the dosage other than treatment for psychiatric and/or mental health related conditions unless you are asserting claims for said injuries under Section IV.B., above.

| Medication | Dosage | Reason for Medication |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

## VII.  INSURANCE INFORMATION

A.    Provide the following information for any past or present medical insurance coverage within the last 10 years:

| Name of Insurance Company | Policy Number | Name of Policy Holder/Insured (if different than you) | Approx. Dates of Coverage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

B.      To the best of your knowledge, have you been approved to receive or are you receiving Medicare benefits due to age, disability, condition or any other reason or basis?
Yes ___ No ____
**If Yes**, please specify the following:

a) The date on which you first became eligible: _____

C.      To the best of your knowledge, have you been approved to receive or are you receiving Medicaid benefits?
Yes ___ No ____

*[Please note: if you are not currently a Medicare/Medicaid-eligible beneficiary, but become eligible for Medicare/Medicaid during the pendency of this lawsuit, you must supplement your response at that time. This information is necessary for all parties to comply with Medicare/Medicaid regulations. See 42 U.S.C. 1395y(b)(8), also known as Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 and 42 U.S.C. 1395y(b)(2) also known as the Medicare Secondary Payer Act.]*

## VIII.  COMMUNICATIONS WITH DEFENDANTS

A.      Have you or anyone acting on your behalf that you are aware of, other than your attorney or your healthcare professionals, ever communicated directly with Davol, Inc. or C.R. Bard, Inc. in any way concerning the DAVOL/BARD Hernia Mesh Device(s)?

                              Yes_____No_____I Don't Know _____

**If No, skip to Part VII.B., below.**
**If Yes:**

1.      Provide the date of any communication: _____

2.      Identify by name and address the person making the communication: _____
        _____
        _____

3.      Identify by name and address the person with whom you (or anyone else) communicated at Davol, Inc. and/or C.R. Bard, Inc.: _____
        _____
        _____

4.      Describe the method of communication (e.g., telephone, letter, e-mail, etc.): _____
        _____
        _____

5.      Describe the substance of the communication: _____
        _____
        _____
        _____

B.  To your knowledge, have you or anyone acting on your behalf, that you are aware of, other than your attorney ever received a communication directly from Davol, Inc. and/or C.R. Bard, Inc. in any way concerning the DAVOL/BARD Hernia Mesh Device(s)?

Yes_____ No_____ I Don't Know _____

**If No or I Don't Know, skip to Part VIII, below.**
**If Yes:**

1.  Provide the date of any communication: _____

2.  Identify by name and address the person with Davol, Inc. and/or C.R. Bard, Inc. making the communication: _____
_____
_____

3.  Identify by name and address the person to whom the communication from Davol, Inc. and/or C.R. Bard, Inc. was directed: _____
_____
_____

4.  Describe the method of communication (*e.g.*, telephone, letter, e-mail, etc.):
_____
_____

5.  Describe the substance of the communication from Davol, Inc. and/or C.R. Bard, Inc.: _____
_____
_____
_____

## IX.  POTENTIAL WITNESSES

A.  Please identify all persons who you believe possess information concerning your injury(ies) and current medical conditions, other than your healthcare providers, and please state their name address and his/her/their relationship to you.

Name:_____

Address:_____
_____

Relationship to you: _____

Name:_____

Address:_____
_____

Relationship to you: _____

Name:_____

Address:_____

_____

Relationship to you:_____

Attach Additional Sheets if Necessary.

B.   Have you received any money (or a promise of money to you in the future or a promise to pay some third party) from a lender or other third party in exchange for an assignment of any portion of your recovery in this lawsuit, such that the lender or assignee has decision making authority over the terms of any resolution of your claim?

Yes_____   No_____

If Yes, please state:

a. The name, address, telephone number, and email address of the lender and/or any third party involved in the legal funding:

## X.   LOSS OF CONSORTIUM CLAIM

A. Has anyone filed a loss of consortium claim in connection with your lawsuit regarding the DAVOL/BARD Hernia Mesh Device(s)?   Yes___No___

**If No, skip to Part XI, below.**

**If Yes:**

1.   Identify by name and address the person who filed the loss of consortium claim:

_____
_____
_____

2.   State that person's relationship to you: _____

3.   Describe/Identify the damages suffered by consortium plaintiff: _____

_____
_____
_____
_____
_____
_____
_____
_____

3.   Please list the name and address of any healthcare providers the consortium plaintiff has seen for treatment for any injuries or alleged to be related to the loss of consortium claim.

_____
_____

### XI.    AUTHORIZATIONS FOR RECORDS & DOCUMENT PRODUCTION

**A.    AUTHORIZATIONS.**

**NOTE: Please sign and attach to this Fact Sheet the necessary authorization(s) for the release of the following records as applicable:**

      **1.**    **Authorization for the release of medical records: please sign and fill out this authorization for all healthcare providers identified in Sections IV.A.4, IV.A.5, VI.C, VI.E.**

      **2.**    **Authorization for the release of psychiatric/Mental Healthcare records: please sign and fill out this authorization *only* if you are claiming psychiatric and/or mental health injuries as set forth in Section IV.B, and if so, please fill out and execute this authorization on behalf of all mental healthcare providers identified in Section IV.A.B.4.**

      **3.**    **Authorization for the release of Workers Compensation records: please sign and fill out this authorization *only* if you have identified a Workers' Compensation claim in the prior 10 years pursuant to Section V.B.**

      **4.**    **Authorization for the release of Social Security Disability records:  please sign and fill out this authorization *only* if you have received Social Security Disability benefits in past 10 years, as set forth in Section V.B.**

      **5.**    **Authorization for the release of Insurance records: please sign and fill out this authorization all insurance providers identified in Section VII.A.**

      **6.**    **Authorization for the release of Medicare records:  please sign and fill out this authorization *only* if you have received Medicare in past 10 years, as set forth in Section VII.B.**

      **7.**    **Authorization for the release of Medicaid records:  please sign and fill out this authorization *only* if you received Medicaid benefits in the past 10 years as set forth in Section VII.C.**

      **8.**    **Authorization for the release of employment records:  please sign and fill out this authorization *only* if you are seeking lost wages or lost earnings capacity as set forth in Section IV.C., and if so, please fill out and execute this authorization on behalf of all employers identified in Section II.J.**

**B.    DOCUMENTS.** State whether you have any of the following documents in your possession, custody, and/or control. If you do, please provide a true and correct copy of any such documents with this completed Fact Sheet.

24

1.     If you were appointed by a court to represent the plaintiff in this lawsuit, produce any documents demonstrating your appointment as such.

     i.     Not Applicable _____

     ii.    The documents are attached_____[OR] I have no documents _____

2.     If you represent the estate of a deceased person in this lawsuit, produce a copy of the decedent's death certificate.

     i.     Not Applicable _____

     ii.    The documents are attached_____[OR] I have no documents _____

3.     Produce all documents in your possession, custody or control concerning any occasion on which you saw a doctor or other health care provider regarding any injury or physical or psychological complaint for which you claim compensation in this lawsuit, including but not limited to all medical reports and records; and laboratory findings and reports.  If you answered Yes, in Section IVB, above, please also include psychological/psychiatric assessments and/or any psychiatric or mental health records in your possession, custody or control.

     i.     The documents are attached_____[OR] I have no documents _____

4.     Produce all medical and hospital bills or receipts, and documents in your possession, custody or control reflecting any and all payments made for same, including, but not limited to, any hospital and health care professional bills incurred because of the injuries you allege you have incurred as a result of your use of the DAVOL/BARD Hernia Mesh Device(s).

     i.     The documents are attached_____[OR] I have no documents _____

5.     Produce any communications in your possession, custody or control, excluding communications with your lawyers, concerning the DAVOL/BARD Hernia Mesh Device(s), including but not limited to e-mails, blogs, newsletters, etc.

     i.     The documents are attached_____[OR] I have no documents _____

6.     Produce any notes, diaries, or other documents evidencing your physical condition from the earlier of the date of implant of your first Davol/Bard Hernia Mesh Device(s) or 10 years ago, including but not limited to the injuries for which you seek relief in this lawsuit.

     i.     The documents are attached_____[OR] I have no documents _____

7.     Produce any DAVOL/BARD Hernia Mesh packaging, labeling, advertising, or any other DAVOL/BARD Hernia Mesh-related items in your possession, custody or control.

     i.     The documents are attached_____[OR] I have no documents _____

8.     Produce all documents in your possession, custody or control evidencing or relating to any correspondence or communication between Davol, Inc. or C.R. Bard, Inc. and any of your doctors, healthcare providers, and/or you relating to the DAVOL/BARD Hernia Mesh.

     i.     The documents are attached_____[OR] I have no documents _____

9.     Produce any and all documents in your possession, custody or control relating to the recall of the DAVOL/BARD Hernia Mesh that you received and/or reviewed at any time prior to filing this lawsuit.

     i.     The documents are attached_____[OR] I have no documents _____

10.     Produce any and all documents in your possession, custody or control reflecting, describing, or in any way relating to any instructions or warnings you received prior to implantation of the DAVOL/BARD Hernia Mesh concerning the risks and/or benefits of your hernia repair surgery, including but not limited to any risks and/or benefits associated with the DAVOL/BARD Hernia.

     i.     The documents are attached_____[OR] I have no documents _____

11.     Produce any and all documents reflecting the size, model number, and lot number of the DAVOL/BARD Hernia Mesh you received.

     i.     The documents are attached_____[OR] I have no documents _____

12.     If you underwent surgery to remove in whole or in part the DAVOL/BARD Hernia Mesh Device(s) that you received, produce any and all documents in your possession, custody or control relating to any evaluation of the DAVOL/BARD Hernia Mesh and any other material that was (were) surgically removed from you.

     i.     The documents are attached_____[OR] I have no documents _____

13.     Produce all documents in your possession, custody or control relating to any responses to the workers compensation questions above.

     i.     The documents are attached_____[OR] I have no documents _____

14.     Produce all documents in your possession, custody or control relating to any responses to the bankruptcy questions above.

     i.     The documents are attached_____[OR] I have no documents _____

     ii.     If you claim lost wages or lost earning capacity, copies of your W-2 and any other evidence you will use to support your claim for lost wages or lost earning capacity for the two years prior to this lawsuit. The documents are attached_____[OR] I have no documents _____

15.     All documents in your possession, custody or control concerning payment by Medicare on the injured party's behalf relating to the injuries claimed in this lawsuit, including but not limited to Interim Conditional Payment summaries and/or estimates prepared by Medicare or its representatives regarding payments made on your behalf for medical expenses relating to the subject of this litigation.

     i.     The documents are attached_____[OR] I have no documents _____

16.  **IDENTIFICATION OF DOCUMENTS AND OTHER ELECTRONICALLY STORED INFORMATION:**  For the period beginning three years prior to implantation of the DAVOL/BARD Hernia Mesh Device(s) to present, please describe any research, including on-line research, you have conducted regarding the device(s) and injuries that are the subject of your lawsuit, including the implantation of the hernia mesh device(s), the injuries and/or damages you claim resulted from the implantation of the DAVOL/BARD Hernia Mesh Device(s), or your medical or physical condition related to injuries you claim resulted from the implantation of the DAVOL/BARD Hernia Mesh Device(s). To the best of Plaintiff's ability, he or she should identify the date such research was conducted and the name of any websites visited. Research conducted to identify or evaluate potential counsel or legal representation or to understand the legal and strategic advice of your counsel is not considered responsive to this request._____

## SWORN DECLARATION

Plaintiff,_____, deposes and states as follows:

I declare under penalty of perjury that all of the information provided in this Fact Sheet is true and correct to the best of my knowledge, information and belief; I have supplied all the documents requested in Part XI of this Fact Sheet to the extent that such documents are in my possession, custody, or control; and I have supplied the records authorizations requested in and attached to this Fact Sheet.

Dated:    _____        _____

                                          Signature of Plaintiff

## SWORN DECLARATION
### (FOR CONSORTIUM PLAINTIFF)

To the extent a loss of consortium claim is being asserted, and Section X, above has been completed, the following Declaration is being made by the Consortium Plaintiff and this Declaration applies to Section X, of this Fact Sheet only.

Plaintiff,_____, deposes and states as follows:

I declare under penalty of perjury that all of the information provided in this Fact Sheet regarding my loss of consortium claim is true and correct to the best of my knowledge, information and belief.

Dated:    _____        _____

                                          Signature of Consortium Plaintiff

28

## LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION
### (Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03)

TO: _____

Patient Name:_____ SSN:_____ DOB: _____

I,_____, hereby authorize you to release and furnish to:
Reed Smith LLP and/or Litigation Management, Inc., 6000 Parkland Boulevard, Mayfield Heights OH 44124, copies
of the following information:

- All records, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, x-rays, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and records created or received by you or other physicians or staff, as well as all autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram and cardiac catheterization reports.
- All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.
- All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.
- All billing records including all statements, itemized bills, and insurance records.

**\*\*Notwithstanding the broad scope of the above disclosure requests, the undersigned does not authorize the disclosure of notes or records pertaining to psychiatric, psychological, or mental health treatment or diagnosis as such terms are defined by HIPAA, 45 CFR §164.501.**

1. To my medical provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants. This document does not authorize you to discuss with any individual any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition. This document does not limit your ability to testify at deposition or trial about any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition.**

2. I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV).

3. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire two years from the date of execution.

4. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicate above.

5. A notarized signature is <u>not</u> required. CFR 164.508. A copy of this authorization may be used in place of an original.

Print Name:_____     (plaintiff/representative)

Signature: _____     Date: _____

## LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION
### (Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03)

**TO:** _____

**Patient Name:** _____ **SSN:** _____ **DOB:** _____

I,_____ , hereby authorize you to release and furnish to:
Reed Smith LLP and/or Litigation Management, Inc., 6000 Parkland Boulevard, Mayfield Heights OH 44124, copies
of the following information:

- All records, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, x-rays, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and records created or received by you or other physicians or staff, as well as all autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram and cardiac catheterization reports.
- All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.
- All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.
- All billing records including all statements, itemized bills, and insurance records.

**\*\*Notwithstanding the broad scope of the above disclosure requests, the undersigned does not authorize the disclosure of notes or records pertaining to psychiatric, psychological, or mental health treatment or diagnosis as such terms are defined by HIPAA, 45 CFR §164.501.**

1. To my medical provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants. This document does not authorize you to discuss with any individual any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition. This document does not limit your ability to testify at deposition or trial about any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition.**

2. I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV).

3. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire two years from the date of execution.

4. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicate above.

5. A notarized signature is not required. CFR 164.508. A copy of this authorization may be used in place of an original.

Print Name:_____     (plaintiff/representative)

Signature: _____     Date: _____

## AUTHORIZATION TO DISCLOSE MEDICAID INFORMATION

To:

For informational purposes pertaining to civil litigation, I authorize and request the Custodian of Records at the above-named entity to disclose to **Litigation Management Inc., 6000 Parkland Blvd., Mayfield Hts., OH,** any and all records containing Medicaid information, including those that may contain protected health information (PHI) regarding _____ **«Name1»,** whether created before or after the date of signature. Records requested may include, but are not limited to:

all Medicaid records, including explanations of Medicaid benefit records and claims records; any statements, communications, pro reviews, denials, appeals, correspondence, reports, questionnaires or records submitted in connection with claims; all reports from physicians, hospital, dental providers, prescriptions; correspondence, test results and any other medical records; records of claims paid to or on the behalf of _____ **«Name1»;** records of litigation and any other records of any kind. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information spanning the time period of (the earlier of ten years before the date of signature or 5 years before the date of any removal) to present.

Because this litigation is ongoing, it is essential that you preserve the original Medicaid records. Please take all steps that are necessary to preserve the Medicaid records that remain in your possession.

Unless revoked in writing, this authorization shall be valid for the period of litigation in *In re: Davol, Inc./C.R. Bard, Inc. Polypropylene Hernia Mesh Products Liability Litigation,* MDL 2:18-md-02846; U.S. District Court for the Southern District of Ohio, including any and all transfers and the exhaustion of all appeals. In addition, a copy of this authorization may be used in place of and with the same force and effect as the original.

**NOTICE**

- **The individual signing this authorization has the right to revoke this authorization at any time, but shall provide a copy of the revocation to Reed Smith LLP and/or Litigation Management Inc., except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients on the terms and conditions set forth in the case management order(s) governing the subject lawsuit, and that, in such case, the disclosed PHI will no longer be protected by 45 CFR Section 164, Subpart E.**

I have read the foregoing Authorization and understand that it will permit the entity identified above to disclose PHI to **Litigation Management Inc**.

Signature

Name

Date

Former/Alias/Maiden Name

Date of Birth

Social Security Number

Address

Social Security Administration
**Consent for Release of Information**

Form Approved
OMB No. 0960-0566

## Instructions for Using this Form

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor child, you may complete this form to release only the minor's non-medical records. We may charge a fee for providing information unrelated to the administration of a program under the Social Security Act.

**NOTE:** Do not use this form to:

• Request the release of medical records on behalf of a minor child. Instead, visit your local Social Security office or call our toll-free number, 1-800-772-1213 (TTY-1-800-325-0778), or

• Request detailed information about your earnings or employment history. Instead, complete and mail form SSA-7050-F4. You can obtain form SSA-7050-F4 from your local Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

## How to Complete this Form

We will not honor this form unless all required fields are completed. An asterisk (*) indicates a required field. Also, we will not honor blanket requests for "any and all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form. We may charge a fee to release information for non-program purposes.

• Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the requested information pertains.

• Fill in the name and address of the person or organization where you want us to send the requested information.

• Specify the reason you want us to release the information.

• Check the box next to the type(s) of information you want us to release including the date ranges, where applicable.

• For non-medical information, you, the parent or the legal guardian acting on behalf of a minor child or legally incompetent adult, must sign and date this form and provide a daytime phone number.

• If you are not the individual to whom the requested information pertains, state your relationship to that person. We may require proof of relationship.

## PRIVACY ACT STATEMENT

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. We will use the information you provide to respond to your request for access to the records we maintain about you or to process your request to release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent. We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, the Privacy Act (5 U.S.C. § 552a(b)) permits us to disclose the information you provide on this form in accordance with approved routine uses, which include but are not limited to the following:

1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and or coverage;
2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level;
3. To comply with Federal laws requiring the disclosure of the information from our records; and,
4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. We use information from these matching programs to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of incorrect payments or overpayments under these programs. Additional information regarding this form, routine uses of information, and other Social Security programs is available on our Internet website, www.socialsecurity.gov, or at your local Social Security office.

## PAPERWORK REDUCTION ACT STATEMENT

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. **SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at** www.socialsecurity.gov. **Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TTY 1-800-325-0778).** You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. *Send only comments relating to our time estimate to this address, not the completed form.*

**Form SSA-3288** (11-2016) uf
Destroy Prior Editions

Social Security Administration
**Consent for Release of Information**

Form Approved
OMB No. 0960-0566

You must complete all required fields. We will not honor your request unless all required fields are completed. (*Signifies a required field. **Please complete these fields in case we need to contact you about the consent form).

**TO: Social Security Administration**

| | | |
|---|---|---|
| _____ | _____ | _____ |
| *My Full Name | *My Date of Birth (MM/DD/YYYY) | *My Social Security Number |

I authorize the Social Security Administration to release information or records about me to:

**\*NAME OF PERSON OR ORGANIZATION:**

LITIGATION MANAGEMENT, INC.

**\*ADDRESS OF PERSON OR ORGANIZATION:**

6000 PARKLAND BOULEVARD

MAYFIELD HEIGHTS, OH 44124

**\*I want this information released because:** to be used in support of an active litigation.
We may charge a fee to release information for non-program purposes.

Invoices can be sent via fax to: 440-484-2055, please reference the PacketID number found above Social Security Disability on the request letter.

Please feel free to contact Litigation Management, Inc. directly at (888) 803 - 8706 with any questions.

**\*Please release the following information selected from the list below:**
**Check at least one box. We will not disclose records unless you include date ranges where applicable.**

1. ☐ Verification of Social Security Number
2. ☐ Current monthly Social Security benefit amount
3. ☐ Current monthly Supplemental Security Income payment amount
4. ☒ My benefit or payment amounts from date _____ to date _PRESENT._
5. ☒ My Medicare entitlement from date _____ to date _PRESENT._
6. ☐ Medical records from my claims folder(s) from date_____ to date_____

    If you want us to release a minor child's medical records, do not use this form. Instead, contact your local Social Security office.

7. ☒ Complete medical records from my claims folder(s)
8. ☒ Other record(s) from my file (We will not honor a request for "any and all records" or "the entire file." You must specify other records; e.g., consultative exams, award/denial notices, benefit applications, appeals, questionnaires, doctor reports, determinations.)

    Documents or other items relating to my social security claims(s): applications, petitions, payment documents/decisions/awards/denials, jurisdictional documents/notes, transcripts, correspondence, notice of hearings, hearing records, orders, depositions, reports; witnesses, medical reviewers and experts consultative examination reports, medical records and determination records.

**I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury (28 CFR § 16.41(d)(2004) that I have examined all the information on this form and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that I must pay all applicable fees for requesting information for a non-program-related purpose.**

| | | |
|---|---|---|
| **\*Signature:** _____ | | **\*Date:** _____ |
| **\*\*Address:** _____ | | **\*\*Daytime Phone:** _____ |
| **Relationship (if not the subject of the record):** _____ | | **\*\*Daytime Phone:** _____ |

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1.Signature of witness | 2.Signature of witness |
|---|---|
| | |
| Address(Number and street,City,State, and Zip Code) | Address(Number and street,City,State, and Zip Code) |

Form SSA-3288 (11-2016) uf

## AUTHORIZATION TO DISCLOSE INSURANCE INFORMATION

To:

For informational purposes pertaining to civil litigation, I authorize and request the Custodian of Records at the above-named entity to disclose to **Litigation Management Inc., 6000 Parkland Blvd., Mayfield Hts., OH,** any and all records containing insurance information, including those that may contain protected health information (PHI) regarding _____ **«Name1»,** whether created before or after the date of signature. Records requested may include, but are not limited to:

> applications for insurance coverage and renewals; all insurance policies, certificates and benefit schedules regarding the insured's coverage, including supplemental coverage; health and physical examination records that were reviewed for underwriting purposes, and any statements, communications, correspondence, reports, questionnaires, and records submitted in connection with applications or renewals for insurance coverage, or claims; all physicians', hospital, dental reports, prescriptions, correspondence, test results, radiology reports and any other medical records that were submitted for claims review purposes; any claim record filed; records of any claim paid; records of all litigation; and any other records of any kind concerning or pertaining to the insured. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information spanning the time period of the past 10 years.

Because this litigation is ongoing, it is essential that you preserve the original insurance records. Please take all steps that are necessary to preserve the insurance records that remain in your possession.

Unless revoked in writing, this authorization shall be valid for the period of litigation in *In re: Davol, Inc./C.R. Bard, Inc. Polypropylene Hernia Mesh Products Liability Litigation*, MDL 2:18-md-02846; U.S. District Court for the Southern District of Ohio, including any and all transfers and the exhaustion of all appeals. In addition, a copy of this authorization may be used in place of and with the same force and effect as the original.

### NOTICE

- The individual signing this authorization has the right to revoke this authorization at any time, but shall provide a copy of the revocation to Reed Smith LLP and/or Litigation Management Inc., except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).
- The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.
- The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients on the terms and conditions set forth in the case management order(s) governing the subject lawsuit, and that, in such case, the disclosed PHI will no longer be protected by 45 CFR Section 164, Subpart E.

I have read the foregoing Authorization and understand that it will permit the entity identified above to disclose PHI to **Litigation Management Inc**.

_____
Signature

_____
Name

_____
Date

_____
Former/Alias/Maiden Name

_____
Date of Birth

_____
Social Security Number

_____
Address



**Medicare**

Beneficiary Services : 1-800-MEDICARE (1-800-633-4227)
TTY/ TDD: 1-877-486-2048

This form is used to advise Medicare of the person or persons **you** have chosen to have access to your personal health information.

### Where to Return Your Completed Authorization Forms:

After you complete and sign the authorization form, return it to the address below:

**Medicare CCO, Written Authorization Dept.**
**PO Box 1270**
**Lawrence, KS 66044**

### For New York Medicare Beneficiaries ONLY

The New York State Public Health Law protects information that reasonably could identify someone as having HIV symptoms or infection, and information regarding a person's contacts. Because of New York's laws protecting the privacy of information related to alcohol and drug abuse, mental health treatment, and HIV, there are special instructions for how you, as a New York resident, should complete this form.

- For question 2A, check the box for *Limited Information*, even if you want to authorize Medicare to release any and all of your personal health information.

- **Then proceed to question 2B.** You may also check any of the remaining boxes and include any additional limitations in the space provided. For example, you could write "payment information".

### Instructions for Completing Section 2C of the Authorization Form:

*Please select one of the following options.*

- **Option 1** To **include** all information, check the box: "All information, including information about alcohol and drug abuse, mental health treatment, and HIV". Proceed with the rest of the form.

- **Option 2** To **exclude** the information listed above, check the box "Exclude information about alcohol and drug abuse, mental health treatment, and HIV". Then proceed with the rest of the form.

If you have any questions or need additional assistance, please feel free to call us at 1-800-MEDICARE (1-800-633-4227). TTY users should call 1-877-486-2048.

Sincerely,


1-800-MEDICARE
Customer Service Representative


Encl.

Department of Health and Human Services
Centers for Medicare & Medicaid Services

Form Approved
OMB No. 0938-0930
Expiration Date: 6/30/2021

## Information to Help You Fill Out the
## "1-800-MEDICARE Authorization to Disclose Personal Health Information" Form

By law, Medicare must have your written permission (an "authorization") to use or give out your personal medical information for any purpose that isn't set out in the privacy notice contained in the Medicare & You handbook. You may take back ("revoke") your written permission at any time, except if Medicare has already acted based on your permission.

If you want 1-800-MEDICARE to give your personal health information to someone other than you, you need to let Medicare know in writing.

If you are requesting personal health information for a deceased beneficiary, please include a copy of the legal documentation which indicates your authority to make a request for information. (For example: Executor/Executrix papers, next of kin attested by court documents with a court stamp and a judge's signature, a Letter of Testamentary or Administration with a court stamp and judge's signature, or personal representative papers with a court stamp and judge's signature.) Also, please explain your relationship to the beneficiary.

Please use this step by step instruction sheet when completing your "1-800-MEDICARE Authorization to Disclose Personal Health Information" Form. Be sure to complete all sections of the form to ensure timely processing.

1. Print the name of the person with Medicare.

   Print the Medicare number exactly as it is shown on the red, white, and blue Medicare card.

   Print the birthday in month, day, and year (mm/dd/yyyy) of the person with Medicare.

2. This section tells Medicare what personal health information to give out. Please check a box in 2A to indicate how much information Medicare can disclose. If you only want Medicare to give out limited information (for example, Medicare eligibility), also check the box(es) in 2B that apply to the type of information you want Medicare to give out. Box 2C must be completed by **New York Residents**.

3. This section tells Medicare when to start and/or when to stop giving out your personal health information. Check the box that applies and fill in dates, if necessary.

4. This section tells Medicare the reason for disclosure.

5. Medicare will give your personal health information to the person(s) or organization(s) you fill in here. You may fill in more than one person or organization.

   If you designate an organization, you must also identify one or more individuals in that

Form CMS-10106 (Rev 06/18)
Instructions

Department of Health and Human Services
Centers for Medicare & Medicaid Services

Form Approved
OMB No. 0938-0930
Expiration Date: 6/30/2021

organization to whom Medicare may disclose your personal health information.

6. The person with Medicare or personal representative must sign their name, fill in the date, and provide the phone number and address of the person with Medicare.

   If you are a personal representative of the person with Medicare, check the box, provide your address and phone number, and attach a copy of the paperwork that shows you can act for that person (for example, Power of Attorney).

7. Send your completed, signed authorization to Medicare at the address shown here on your authorization form.

8. If you change your mind and don't want Medicare to give out your personal health information, write to the address shown under number seven on the authorization form and tell Medicare. Your letter will revoke your authorization and Medicare will no longer give out your personal health information (except for the personal health information Medicare has already given out based on your permission).

You should make a copy of your signed authorization for your records before mailing it to Medicare.

Department of Health and Human Services
Centers for Medicare & Medicaid Services

Form Approved
OMB No. 0938-0930
Expiration Date: 6/30/2021

## 1-800-MEDICARE Authorization to Disclose Personal Health Information

Use this form if you want 1-800-MEDICARE to give your personal health information to someone other than you.

1. _____    _____    _____
   **Print Name**                    **Medicare Number**              **Date of Birth**
   (First and last name of the person with Medicare)    (Exactly as shown on the Medicare Card)    (mm/dd/yyyy)

2. Medicare will only disclose the personal health information you want disclosed.

   **2A: Check only <u>one</u> box below to tell Medicare the specific personal health information you want disclosed:**

   ☐ Limited Information (go to question 2b)

   ☐ Any Information (go to question 3)

   **2B: Complete <u>only</u> if you selected "limited information". Check all that apply:**

   ☐ Information about your Medicare eligibility

   ☐ Information about your Medicare claims

   ☐ Information about plan enrollment (e.g. drug or MA Plan)

   ☐ Information about premium payments

   ☐ Other Specific Information (please write below; for example, payment information)

   **2C: NY Residents Only**, this section must be completed.
   Please select one of the following options: (Please check only one box.)

   ☐ Include all information. This includes information about alcohol and drug abuse, mental health treatment, and HIV.

   OR

Form CMS-10106 (Rev 06/18)

Department of Health and Human Services

Centers for Medicare & Medicaid Services

Form Approved
OMB No. 0938-0930
Expiration Date: 6/30/2021

☐ Exclude information about alcohol and drug abuse, mental health treatment, and HIV.

3. **Check only one box below indicating how long Medicare can use this authorization to disclose your personal health information** (subject to applicable law—for example, your State may limit how long Medicare may give out your personal health information):

☐ Disclose my personal health information indefinitely

☑ Disclose my personal health information for a specified period only

beginning: _____ (mm/dd/yyyy) and ending: _____ (mm/dd/yyyy)

4. **Fill in the reason for the disclosure (you may write "at my request"):**

to be used in support of active litigation.

5. **Fill in the name and address of the person or organization to whom you want Medicare to disclose your personal health information. Please provide the specific name of the person for any organization you list below. If you would like to authorize any additional individuals or organizations, please add those to the back of this form.**

| | |
|---|---|
| Name | Litigation Management Inc. |
| Address | 6000 Parkland Blvd., Mayfield Heights., OH 44124 |
| Name | |
| Address | |

Form CMS-10106 (Rev 06/18)

Department of Health and Human Services
Centers for Medicare & Medicaid Services

Form Approved
OMB No. 0938-0930
Expiration Date: 6/30/2021

**Note: You have the right to take back ("revoke") your authorization at any time, in writing, except to the extent that Medicare has already acted based on your permission. To revoke authorization, send a written request to the address noted below.** Your authorization or refusal to authorize disclosure of your personal health information will have no effect on your enrollment, eligibility for benefits, or the amount Medicare pays for the health services you receive.

6. **I authorize 1-800-MEDICARE to disclose my personal health information listed above to the person(s) or organization(s) I have named on this form. I understand that my personal health information may be re-disclosed by the person(s) or organization(s) and may no longer be protected by law.**

Signature                          Telephone Number                          Date (mm/dd/yyyy)

**Print the address of the person with Medicare (Street Address, City, State, and ZIP)**

☐ Check here if you are signing as a personal representative and complete below. Please attach the appropriate documentation (for example, Power of Attorney). This <u>only</u> applies if someone other than the person with Medicare signed above.

**Print the Personal Representative's Address (Street Address, City, State, and ZIP)**

Telephone Number of Personal Representative: _____

Personal Representative's Relationship to the Beneficiary: _____

Form CMS-10106 (Rev 06/18)

Department of Health and Human Services
Centers for Medicare & Medicaid Services

Form Approved
OMB No. 0938-0930
Expiration Date: 6/30/2021

7. **Send the completed, signed authorization to:**

Medicare CCO, Written Authorization Dept.
PO Box 1270
Lawrence, KS 66044

[ Print Form ]

**Note:** You have the right to take back ("revoke") your authorization at any time, in writing, except to the extent that Medicare has already acted based on your permission. If you would like to revoke authorization, send a written request to the address noted above.

Your authorization or refusal to authorize disclosure of your personal health information will have no effect on your enrollment, eligibility for benefits, or the amount Medicare pays for the health services you receive.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0938-0930. The time required to complete this information collection is estimated to average 15 minutes per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection. If you have comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to: CMS, 7500 Security Boulevard, Attn: PRA Reports Clearance Officer, Mail Stop C4-26-05, Baltimore, Maryland 21244-1850.

Form CMS-10106 (Rev 06/18)

## AUTHORIZATION TO DISCLOSE WORKERS' COMPENSATION INFORMATION

To:

For informational purposes pertaining to civil litigation, I authorize and request the Custodian of Records at the above-named entity to disclose to **Litigation Management Inc., 6000 Parkland Blvd., Mayfield Hts., OH,** any and all records containing Workers' Compensation information, including those that may contain protected health information (PHI) regarding _____ **«Name1»,** whether created before or after the date of signature.  Records requested may include, but are not limited to:

> all workers' compensation claims, including claim petitions, judgments, findings, notices of hearings, hearing records, transcripts, decisions and orders; all depositions and reports of witnesses and expert witnesses; employer's accident reports; all other accident, injury, or incident reports; all medical records; records of compensation payment made; investigatory reports and records; applications for employment; records of all positions held; job descriptions of any positions held; salary records; performance evaluations and reports; statements and comments of fellow employees; attendance records; all physicians', hospital, medical, health reports; physical examinations; records relating to health or disability insurance claims, including correspondence, reports, claim forms, questionnaires, records of payments made to physicians, hospitals, and health institutions or professionals; statements of account, itemized bills or invoices; and any other records relating to the above-named individual. Copies, NOT originals, of all x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any corresponding reports. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information spanning the time period of the past 10 years.

Because this litigation is ongoing, it is essential that you preserve the original workers' compensation records. Please take all steps that are necessary to preserve the workers' compensation records that remain in your possession.

Unless revoked in writing, this authorization shall be valid for the period of litigation in *In re: Davol, Inc./C.R. Bard, Inc. Polypropylene Hernia Mesh Products Liability Litigation,* **MDL 2:18-md-02846; U.S. District Court for the Southern District of Ohio,** including any and all transfers and the exhaustion of all appeals.  In addition, a copy of this authorization may be used in place of and with the same force and effect as the original.

**NOTICE**

- **The individual signing this authorization has the right to revoke this authorization at any time, but shall provide a copy of the revocation to  Reed Smith LLP and/or Litigation Management Inc., except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients on the terms and conditions set forth in the case management order(s) governing the subject lawsuit, and that, in such case, the disclosed PHI will no longer be protected by 45 CFR Section 164, Subpart E.**

I have read the foregoing Authorization and understand that it will permit the entity identified above to disclose PHI to **Litigation Management Inc**.

_____
Signature

_____
Name

_____
Date

_____
Former/Alias/Maiden Name

_____
Date of Birth

_____
Social Security Number

_____
Address

## AUTHORIZATION TO DISCLOSE EMPLOYMENT INFORMATION

To:

For informational purposes pertaining to civil litigation, I authorize and request the Custodian of Records at the above-named entity to disclose to **Litigation Management Inc., 6000 Parkland Blvd., Mayfield Hts., OH,** any and all records containing employment information, including those that may contain protected health information (PHI) regarding _____ «Name1», whether created before or after the date of signature.  Records requested may include, but are not limited to:

all applications for employment, resumes, records of all positions held, job descriptions of positions held, payroll records, W-2 forms and W-4 forms, performance evaluations and reports, statements and reports of fellow employees, attendance records, worker's compensation files; all hospital, physician, clinic, infirmary, nurse, dental records; test results, physical examination records and other medical records; any records pertaining to medical or disability claims, or work-related accidents including correspondence, accident reports, injury reports and incident reports; insurance claim forms, and records of payments made; pension records, disability benefit records, and all records regarding participation in company-sponsored health and disability insurance plans. Copies, NOT originals, of all x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any corresponding reports. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information spanning the time period of <u>(the earlier of ten years before the date of signature or 5 years before the date of any removal)</u> to present.

Because this litigation is ongoing, it is essential that you preserve the original employment records. Please take all steps that are necessary to preserve the employment records that remain in your possession.

Unless revoked in writing, this authorization shall be valid for the period of litigation in *In re: Davol, Inc./C.R. Bard, Inc. Polypropylene Hernia Mesh Products Liability Litigation*, MDL 2:18-md-02846; **U.S. District Court for the Southern District of Ohio,** including any and all transfers and the exhaustion of all appeals.  In addition, a copy of this authorization may be used in place of and with the same force and effect as the original.

### NOTICE

- **The individual signing this authorization has the right to revoke this authorization at any time, but shall provide a copy of the revocation to Reed Smith LLP and/or Litigation Management Inc., except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients on the terms and conditions set forth in the case management order(s) governing the subject lawsuit, and that, in such case, the disclosed PHI will no longer be protected by 45 CFR Section 164, Subpart E.**

I have read the foregoing Authorization and understand that it will permit the entity identified above to disclose PHI to **Litigation Management Inc**.

_____
Signature

_____
Date

_____
Name

_____
Former/Alias/Maiden Name

_____
Date of Birth

_____
Social Security Number

_____
Address

### AUTHORIZATION TO DISCLOSE PSYCHIATRIC RECORDS AND PSYCHOTHERAPY NOTES INFORMATION

To:

For informational purposes pertaining to civil litigation, I authorize and request the Custodian of Records at the above-named entity to disclose to **Litigation Management Inc., 6000 Parkland Blvd., Mayfield Hts., OH,** any and all psychiatric records and psychotherapy notes records, including those that may contain protected health information (PHI) regarding _____«Name1», whether created before or after the date of signature. Records requested may include, but are not limited to:

> complete copies of all psychiatric records and psychotherapy notes reports, therapist's notes, social worker's records, all medical records, physicians' records, surgeons' records, pathology/cytology reports, laboratory reports, discharge summaries, progress notes, consultations, prescriptions, records of drug abuse and alcohol abuse, physicals and histories, nurses' notes, correspondence, insurance records, consent for treatment, statements of account, itemized bills, invoices, or any other papers concerning any treatment, examination, periods or stays of hospitalization, confinement, diagnosis or other information pertaining to and concerning the physical or mental condition of this patient, or documents containing information regarding amendment of protected health information (PHI) in the medical records. Copies, NOT originals, of all x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any corresponding reports. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

Because this litigation is ongoing, it is essential that you preserve the original medical records, radiology, pathology/cytology slides, tissue/cell blocks, and any recut slides that are in your possession, as an expert may need to examine these slides and blocks in the future. Please take all steps that are necessary to preserve the medical records, radiology films, slides and blocks, and any recut slides that remain in your possession.

**To my medical provider: this authorization is being forwarded by, or on behalf of, attorneys for the defendants. This document does not authorize you to discuss with any individual any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition. This document does not limit your ability to testify at deposition or trial about any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition.**

I do <u>not</u> authorize any *ex parte* verbal/oral communication concerning the subject matter of this authorization.

Unless revoked in writing, this authorization shall be valid for the period of litigation in *In re: Davol, Inc./C.R. Bard, Inc. Polypropylene Hernia Mesh Products Liability Litigation,* MDL 2:18-md-02846; U.S. District Court for the Southern District of Ohio, including any and all transfers and the exhaustion of all appeals. In addition, a copy of this authorization may be used in place of and with the same force and effect as the original.

NOTICE

- **The individual signing this authorization has the right to revoke this authorization at any time, but shall provide a copy of the revocation to «Firm» and/or «ThirdParty_Vendor», except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients on the terms and conditions set forth in the case management order(s) governing the subject lawsuit, and that, in such case, the disclosed PHI will no longer be protected by 45 CFR Section 164, Subpart E.**

I have read the foregoing Authorization and understand that it will permit the entity identified above to disclose my PHI, including psychiatric records and psychotherapy notes records and information, to **Litigation Management Inc.** I further understand that records pertaining to psychiatric records and psychotherapy notes information may be specifically protected by federal and/or state regulations; by signing this authorization I am allowing the disclosure of any psychiatric records and psychotherapy notes information held by the entity identified above.

Signature

Name

Former/Alias/Maiden Name

Date

Date of Birth

Social Security Number

Address