**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |

**This document relates to:**
*Johns v. CR Bard et al*,
**Case No. 2:18-cv-1509**

### CASE MANAGEMENT ORDER NO. 23-B

### Pretrial and Trial Schedule for First Bellwether Trial Case

On January 24, 2020, the Court selected *Johns v. C.R. Bard et al.*, Case No. 2:18-cv-01509 as the first Bellwether Trial Case that will be tried in this multidistrict litigation ("MDL"). Due to the impact of the coronavirus (COVID-19) outbreak, this trial has been rescheduled to Tuesday, September 29, 2020. This amended CMO supersedes the deadlines in CMOs 23 and 23-A as set forth below. The deadlines set forth in CMOs 28-A and 29 (related to *Milanesi et al. v. C.R. Bard et al.*, Case No. 2:18-cv-01320) are hereby vacated and that trial will be rescheduled at a later date.

I.    **TRIAL AND FINAL PRETRIAL CONFERENCES**

    **A.  Trial**

        1.  The first Bellwether Trial Case is scheduled for trial on **Tuesday, September 29, 2020,** at 9:00 a.m. in Courtroom 2.

        2.  Trial counsel shall meet in the chambers of Judge Sargus at 8:30 a.m. on each day of the trial.

    **B.  Final Pretrial Conferences**

        1.  The first final pretrial conference shall be held on **Wednesday, September**

        **9, 2020,** at 9:00 a.m. in the chambers of Judge Sargus. All trial counsel must appear.

    2. The second final pretrial conference shall be held on **Tuesday, September 15, 2020 and Wednesday, September 16, 2020,** at 9:00 a.m. in the chambers of Judge Sargus.

        a. The Court will resolve the objections to the deposition designations and objections to the exhibits.

        b. All trial counsel must appear.

        c. Attached to this CMO is the Court's Final Pretrial Order ("CMO 29-A"). The parties shall jointly submit CMO 23-C on or before **Friday, September 18, 2020.**

## II. WITNESS LISTS

### A. Deadlines

    1. Plaintiff shall serve his/her witness list by **February 24, 2020.**

    2. Defendant shall serve its witness list by **March 2, 2020.**

### B. Procedures

    1. Witnesses not included on a party's witness list shall not be called at trial absent agreement by the parties or a showing of good cause as to why the witness was not included on the witness list. The parties will use good faith efforts to list persons whom they actually intend to call at trial (live or by deposition) based upon on a good faith best current intentions "will call" list, and persons whom they currently believe are unlikely to be called but may be called on a "may call" list. The parties shall also use good faith efforts to state whether each proposed witness will be called live, or by deposition.

## III. DEPOSITION DESIGNATIONS

### A. Deadlines

    1. Plaintiff shall serve page/line designations of deposition testimony by **March 4, 2020.**

    2. Defendant shall serve (a) page/line counter-designations of deposition testimony; (b) objections to Plaintiff's page/line deposition designations; and (c) affirmative page/line designations of deposition

2

    testimony by **March 27, 2020.**

3. Plaintiff shall serve (a) page/line counter-designations of deposition testimony; (b) objections to Defendant's page/line deposition counter-designations; (c) objections to Defendant's affirmative page/line designations; and (d) page/line counter-counter designations in support of his own designations by **April 16, 2020**.

4. Defendant shall serve (a) objections to Plaintiff's page/line counter-designations; (b) objections to Plaintiff's counter-counter designations; and (c) page/line counter-counter designations in support of its own designations by **May 11, 2020**.

5. Plaintiff shall serve objections to Defendants' counter-counter designations by **May 25, 2020**.

6. For depositions completed or to be completed[1] **after March 6, 2020**, the parties shall follow the following protocol: (1) the parties shall order an expedited transcript; (2) A party wishing to designate from the transcript ("Designating Party") shall serve page/line designations of deposition testimony **7 days after receipt of the transcript**; (3) the Non-Designating Party shall serve (a) page/line counter-designations of deposition testimony; and (b) objections to the Designating Party's page/line deposition designations **7 days** after receipt of the Designating Party's designations; (4) the Designating Party shall serve (a) objections to the Non-Designating Party's page/line deposition counter designations; and (b) page/line counter-counter designations in support of its own designations **3 days** after receipt of the Non-Designating Party's counter-designations; and (4) the Non-Designating Party objections to the Designating Party's counter-counter designations **3 days** after receipt. If a deposition is not completed by August 10, 2020, then the parties will apply the Court's rulings on other designations to narrow any objections.

7. All page/line designations, counter-designations, counter-counter designations, and objections shall be exchanged by the parties in an Excel format to be agreed on by the parties.

    **B. Due to Court**

All unresolved objections must be submitted to the Court by **September 1, 2020,** at

---

[1] A deposition that has been adjourned is not deemed completed for purposes of this protocol.

9:00 a.m., along with copies of the deposition transcripts to which there are unresolved objections. However, the parties will not be permitted to submit any counter-counter designations and objections to the Court without leave, and only then for good cause.

## IV. EXHIBIT LISTS

### A. Deadlines

1. The parties shall mark their documentary or physical evidence in advance of trial. The exhibits shall comport with all of the requirements of Federal Rule of Civil Procedure 26(a)(3)(A).

2. Plaintiff shall serve its exhibit list in a format to be agreed by the parties, which shall include all document production numbers *(i.e.,* all known bates numbers, if applicable) and/or a description of the document (if there is no bates number) by **August 7, 2020.** An electronic copy of the exhibits shall also be provided on or before **August 10, 2020,** in a format to be agreed by the parties. Demonstrative exhibits shall be shown to opposing counsel before being displayed to the jury.

3. Defendant shall serve its exhibit list in a format to be agreed by the parties, which shall include all document production numbers *(i.e.,* all known bates numbers, if applicable) or a description of the document (if there is no bates number), by **August 17, 2020.** An electronic copy of the exhibits shall also be provided by **August 19, 2020,** in a format to be agreed by the parties. Defendant shall serve any objections to Plaintiff's exhibit list by **August 17, 2020.**

4. Plaintiff may serve any objections to Defendant's exhibit list by **August 26, 2020,** at 9:00 a.m.

5. The parties shall have the right to supplement their exhibit list(s) in light of any and all ongoing discovery.

### B. Due to Court

All unresolved objections must be submitted to the Court by **September 1, 2020,** at 9:00 a.m., along with copies of the exhibits to which there are unresolved objections in a three-ringed, tabbed notebook.

The Court strongly encourages the parties to utilize the electronic courtroom technology

4

for presentation of evidence. The parties shall report to the Court, by joint submission, on or before the date of the first final pretrial conference, their intent to use the technology. If the parties are not utilizing the Court's complete electronic technology, they shall present their exhibits by using the document cameras (ELMOs) located at counsel tables. The parties shall provide copies of the exhibits to the Court as used during trial, and are not required to submit copies to the Court before trial, other than the exhibits to which there are unresolved objections.

## V. MOTIONS *IN LIMINE*

### A. Deadlines

1. Motions *in limine* shall be filed by **July 31, 2020.**[2]

2. Responses in opposition to motions *in limine* shall be filed by **August 14, 2020.**

3. No reply is permitted without leave of Court, and only then for good cause; leave to file a reply must be sought by **August 17, 2020**.

### B. Procedures

1. The following apply to all *in limine* motions:

   a. Index to motions *in limine:* If filing more than one *in limine* motion, the party shall submit to the Court and to the opposing party an "Index to Motions *in Limine.*"

   b. Attachments to motions *in limine:* If filing an *in limine* motion seeking an evidentiary ruling on a category of documents, testimony, or argument the party shall attach to the *in limine* motion document(s) or testimony on which it seeks a pre-trial ruling. A party responding shall attach any document or testimony that it deems is necessary for the Court to fully consider the evidentiary issue presented.

   c. Page Limitation: Individual *in limine* motions and responses shall be limited to 10 double-spaced pages; replies shall be limited to 6

---

[2] Any motion *in limine* that specifically pertains to the usage of the AHSQC data shall be filed by June 30, 2020, with a hearing on those specific motions, if necessary, to be determined by the Court on a separate schedule than those in Section V of this Order.

5

>>double-spaced pages absent agreement of the parties or leave of Court.
>
>2.  The parties shall indicate in any *in limine* motion whether the Court ruled on the issue previously in this case or another case in this MDL, whether they are moving to preserve, or whether they are asking for reconsideration because of new or different circumstances or other good cause.

## VI. VOIR DIRE

The parties shall exchange proposed voir dire questions on **August 24, 2020.** The parties shall submit their proposed voir dire questions to the Court by **August 31, 2020.**

The whole panel of prospective jurors (i.e. those in the jury box and those seated in the rear of the courtroom) will be examined collectively. The Court will conduct some of the voir dire examination.

After voir dire, the Court will consider challenges for cause and peremptory challenges. Each prospective juror is assigned a number by the Clerk's Office. A list of the jurors' names and numbers is available to counsel prior to the commencement of trial. When challenging a juror, counsel should refer to the juror by name and number.

Counsel will not be permitted to question jurors individually regarding background information. This information is contained in juror questionnaires which will be on file in the Clerk's Office. Counsel should examine these forms prior to the commencement of trial. Counsel should contact the Court's Law Clerk, Erika Prouty, who can be reached at (614) 719-3253 or Erika_Prouty@ohsd.uscourts.gov, to arrange access to juror questionnaires.

Because of the length of the estimated length of this trial, the parties shall meet and confer and submit to the Court by June 10, 2020, an additional questionnaire to be sent to the jury pool. The main question in this questionnaire will be whether the juror can serve for the

6

length of the trial. The Court will entertain additional questions the parties propose to be in included in the questionnaire.

## VII. JURY INSTRUCTIONS

### A. Jury Instructions from the Court

The Court will prepare preliminary and general jury instructions. The parties may obtain an example of the Court's general instructions from the Court's Law Clerk, Erika Prouty. The parties shall concentrate their efforts on the case-specific instructions.

### B. Proposed Jury Instructions from the Parties

The parties shall submit jointly one set of proposed jury instructions which contains the parties agreed upon case-specific instructions, and, in the event the parties cannot agree on an instruction, each party's own individual proposed case-specific instruction. To this end, counsel shall adhere to the following procedures:

1. The parties shall serve their proposed jury instructions on each other on or before **August 31, 2020.**

2. Counsel then shall meet, confer and agree on proposed case-specific jury instructions.

3. If, after concerted good faith effort, the parties are unable to agree upon a particular case-specific instruction, each party shall propose its own version. Plaintiff's version shall be presented first, immediately followed by Defendant's version of the jury instruction, complete with pinpoint citations to binding authority. Each version, Plaintiff's and Defendant's, shall appear together on one page for ready comparison. Versions of longer instructions (over one page) shall appear one after another. A party may indicate its general objection to the giving of the proposed instruction.

4. Proposed case-specific jury instructions shall be submitted to the Court on or before **September 9, 2020.**

All instructions shall be concise, understandable and neutral. Further, counsel shall at a minimum agree on a common index and the proposed instructions from all parties shall

7

correspond to the index.

## VIII. MODIFICATION

The parties may by agreement modify the dates within this CMO that affect only the parties. All deadlines established for submissions to the Court may only be modified for good cause and with the permission of the Court.

## IX. ADDITIONAL GUIDELINES

### A. Jury

Any prospective juror may be challenged for cause. Each party shall be entitled to three (3) peremptory challenges. 28 U.S.C. § 1870. The parties will exercise their peremptory challenges alternately with the plaintiff exercising the first challenge. If either party "passes," that challenge will be counted as used.

In most civil cases the Court will seat a jury of eight (8) members. In accordance with Federal Rule of Civil Procedure 48, all jurors shall participate in the verdict unless excused pursuant to Rule 47(c). Unless the parties otherwise stipulate, the verdict shall be unanimous.

### B. Trial Procedure

Trial will commence every day at 9:00am. The Court will take one mid-morning break, one lunch break, and one mid-afternoon break each day.

### C. Disclosure of Live Witnesses

Unless the parties agree otherwise, given the nature of this trial, including the extraordinary amount of documents and preparation, disclosure of live witnesses to be called to testify, and expected order, shall be made 24 hours in advance of the witness testifying. Any new witness for a Monday shall be disclosed on Friday before 9:00 p.m. (Eastern Standard Time). The parties shall use good faith efforts to notify opposing counsel of witnesses to be presented by deposition designations 24 hours in advance of their use at trial, but the intent of this is not to preclude a party

8

from utilizing a deposition designation if time allows for such use during the natural progression of the trial.

   D.  **Other Matters**

This Order supersedes all previous orders in this case to the extent previous orders are inconsistent with this Order.

The parties shall address questions about this Order to the Court's Law Clerk, Erika Prouty. When calling or emailing, please have counsel for all parties participating or with fewer than all counsel participating with express permission of non-participating counsel.

   **IT IS SO ORDERED.**

**5/5/2020**            *s*/**Edmund A. Sargus, Jr.**
**DATE**                **EDMUND A. SARGUS, JR.**
                        **UNITED STATES DISTRICT JUDGE**

**5/5/2020**            s/**Kimberly A. Jolson**
**DATE**                **KIMBERLY A. JOLSON**
                        **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION** | **Case No. 2:18-md-2846**<br><br>**JUDGE EDMUND A. SARGUS, JR.**<br>**Magistrate Judge Kimberly A. Jolson** |

**This document relates to:**
**ALL ACTIONS.**

## CASE MANAGEMENT ORDER NO. 23-C

## FINAL PRETRIAL ORDER

The Court held a final pretrial conference in this case on _____ at \_\_\_\_ a.m., pursuant to Fed. R. Civ. P. 16.

**I.   APPEARANCES**

For Plaintiff:

For Defendant:

**II.   NATURE OF ACTION**

    A.    This is an action for:

    B.    The jurisdiction of the Court is invoked under Title \_\_\_\_, United States Code, Section \_\_\_\_\_.

    C.    The jurisdiction of the Court (is) (is not) disputed.

**III.   TRIAL LENGTH**

The estimated length of trial is:

**IV.   AGREED STATEMENTS AND LISTS**

**A.** **General Nature of the Claims of the Parties**

l. Plaintiffs' Claims:

The parties shall set out brief summary without detail; an itemized statement of special damages should be included.

2. Defendants' Claims:

The parties shall set out brief summary without detail.

**B.** **Uncontroverted Facts**

The parties shall set out uncontroverted or uncontested facts in chronological order. Suggested language: The following facts are established by admissions in the pleadings or by stipulations of counsel.

**C.** **Contested Issues of Fact and Law**

1. Contested Issues of Fact.

The parties shall set out a brief statement of the remaining contested issues of fact. Suggested language: The contested issues of fact remaining for decision are:

2. Contested Issues of Law.

The parties shall set out a brief statement of the remaining contested issues of law. Suggested language: The contested issues of law in addition to those implicit in the foregoing issues of fact, are:

OR   There are no special issues of law reserved other than those implicit in the foregoing issues of fact.

**D.** **Witnesses**

1. Suggested language: In the absence of reasonable notice to opposing counsel to the contrary, plaintiff will call, or will have available at the trial:

OR  Plaintiff may call:   (provide a brief synopsis of each witness' testimony.)

2. Suggested language: In the absence of reasonable notice to opposing counsel to the contrary, defendant will call, or will have available at the trial:

OR  Defendant may call:   (provide a brief synopsis of each witness' testimony.)

3. Suggested language: In the absence of reasonable notice to opposing counsel to the contrary, _____ will call:

OR _____ may call:   (provide a brief synopsis of each witness' testimony; use for third parties).

4. In the event other witnesses are to be called at the trial, a statement of their names and addresses and the general subject matter of their testimony will be served upon opposing counsel and filed with the Court at least five (5) days prior to trial.

5. There is reserved to each of the parties the right to call such rebuttal witnesses as may be necessary, without prior notice to the other party.  Questions frequently arise as to whether a witness will offer rebuttal testimony or is more appropriately designated as part of the case-in-chief.  If questions arise as to the nature of a witness' testimony, the Court will err on the side of required disclosure five (5) days prior to trial of rebuttal witnesses.  If no disclosure is made, the Court shall not permit such witness to testify.

Note: *Only witnesses listed in the Final Pretrial Order will be permitted to testify at the trial, except witnesses called solely for the purpose of impeachment or for good cause shown.*

**E.     Expert Witnesses**

Suggested language:  Parties are limited to the following number of expert witnesses, including treating physicians, whose names have been disclosed to the other side.

1. Plaintiff:  List all expert witnesses plaintiff intends to call at trial.

2. Defendant:  List all expert witnesses defendant intends to call at trial.

Counsel have filed a resume or curriculum vitae of each expert's qualifications that may be found on the docket at:_____.

**F.     Depositions**

During trial, reading of depositions frequently presents problems that can be eliminated by advance discussion and preparation.  The pretrial order shall list depositions to be read into evidence and any objections thereto identifying the objecting party, portions objected to, and the basis for the objections.  All irrelevant and redundant matter and all colloquy between counsel in the deposition must be eliminated when the deposition is read.  See also the requirements of Fed. R. Civ. P. 26(a)(3)(B).

Suggested language:  Testimony of the following witnesses will be offered by deposition/videotape. (List all witnesses whose testimony will be offered by deposition or videotape.  If none, so state.)

**G.     Exhibits**

The exhibit list should be prepared prior to trial and set forth in the pretrial order.

Exhibits that are to be admitted without objection should be listed first, then followed by a listing of exhibits to which there may be objections, noting by whom the objection is made (if there are multiple adverse parties), the nature of the objection, and the authority supporting the objection.

Exhibit markers should be attached to all exhibits at the time they are shown to opposing counsel during the preparation of the pretrial order.  A supply of marking tags for exhibits may be obtained from the courtroom deputy clerk.  They should be attached to the lower right-hand corner whenever possible.  See also the requirements of Fed. R. Civ. P. 26(a)(3)(C).

Except for good cause shown, the Court will not permit the introduction of any exhibits unless they have been listed in the pretrial order, with the exception of exhibits to be used solely for the purpose of impeachment.

Exhibit lists should be attached as appendices to the pretrial order as follows:

Appendix B  Joint Exhibits
Appendix C  Plaintiff Exhibits
Appendix D  Defendant Exhibits
Appendix E  Third-Party Exhibits

### H. Stipulations

Counsel have made any and all stipulations pursuant to the Federal Rules.

### I. Completion of Discovery

Except for good cause, all discovery shall be completed before the Final Pretrial Order is signed by the Court.  If discovery has not been completed, the proposed pretrial order shall state what discovery is yet to be done by each side, when it is scheduled, when it will be completed, and whether any problems (e.g., objections or motions) are likely with respect to the uncompleted discovery.

Suggested language:

\*   Discovery has been completed.
\*   Discovery is to be completed by _____, 20__.
\*   Further discovery is limited to _____.
\*   The following provisions were made for discovery:
     *Specify all such provisions.*

## V. MODIFICATION

The Final Pretrial Order may be modified at or prior to the trial of this action to prevent manifest injustice.  Such modification may be made by application of counsel or on motion of the Court.

4

## VI. REMAINING ISSUES AND OTHER MATTERS

The following legal issues must be resolved before the beginning of trial:

Counsel bring the following additional matters to the Court's attention:

_____
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

_____
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

_____
Trial Counsel for Plaintiffs

_____
Trial Counsel for Defendants

5