UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>CHIEF JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |
| This document relates to:<br>ZBIGNIEW SZTACHELSKI | Civil Action No._____ |

## SHORT FORM COMPLAINT

Plaintiff files this Short Form Complaint pursuant to Case Management Order No. 9 and is to be bound by the rights, protections, and privileges and obligations of that Order. Plaintiff hereby incorporates the Master Complaint in MDL No. 2846 by reference. Plaintiff further shows the Court as follows:

1. The name of the person implanted with Defendants' Hernia Mesh Device:

    Zbigniew Sztachelski.

2. The name of any Consortium Plaintiff (if applicable):

    Margaret Sztachelski.

3. Other Plaintiff(s) and capacity (i.e. administrator, executor, guardian,)

    Not applicable.

4. State of Residence:

    Illinois.

5. District Court and Division in which action would have been filed absent direct filing:

    Northern District of Illinois, Eastern Division.

1

6.     Defendants (Check Defendants against whom Complaint is made):

      _x_    A.    Davol, Inc.

      _x_    B.    C.R. Bard, Inc.

      ___    C.    Other (please list:_____)

7.     Identify which of Defendants' Hernia Mesh Device(s) were implanted:

<u>Ventralight ST</u>

8.     Defendants' Hernia Mesh Device(s) about which Plaintiff is making a claim:

<u>Ventralight ST</u>

9.     Date of implantation and state of implantation:

<u>March 14, 2017 in Illinois</u>

10.     As of the date of filing this Short Form Complaint has the person implanted with Defendants' Hernia Mesh Device(s) had subsequent surgical intervention due to the Hernia Mesh Device(s):

      Yes_x_        No___

11.     Basis of Jurisdiction:

      _x_    Diversity of Citizenship

      ___    Other:_____

12.     Counts in the Master Complaint adopted by Plaintiff(s):

      _x_    Count I – Strict Product Liability – Defective Design

      _x_    Count II – Strict Product Liability – Failure to Warn

      _x_    Count III – Strict Product Liability – Manufacturing Defect

      _x_    Count IV – Negligence

      ___    Count V – Negligence Per Se

      ___    Count VI – Gross Negligence

\_\_\_     Count VII – State Consumer Protection Laws

_x_     Count VIII – Breach of Implied Warranty

_x_     Count IX – Breach of Express Warranty

_x_     Count X – Negligent Infliction of Emotional Distress

\_\_\_     Count XI – Intentional Inflication of Emotional Distress

_x_     Count XII – Negligent Misrepresentation

_x_     Count XIII – Fraud and Fraudulent Misrepresentation

_x_     Count XIV – Fraudulent Concealment

\_\_\_     Count XV – Wrongful Death

_x_     Count XVI – Loss of Consortium

_x_     Count XVII – Punitive Damages

\_\_\_     Other Count(s) (please identify and state factual and legal bases for other claims not included in the Master Complaint below):

_____

_____

_x_     Jury Trial is Demanded as to All Counts

\_\_\_     Jury Trial is NOT Demanded as to All Counts; if Jury Trial is demanded as to Any Count(s), identify which ones (list below)

                                                   */s/ Christopher S. Livas*
                                                   *Attorneys for Plaintiff*

Christopher S. Livas (Illinois Bar No. 6321023)
KRALOVEC, JAMBOIS & SCHWARTZ
60 W. Randolph Street, #400
Chicago, Illinois 60601
(312) 782-2525
clivas@kjs-law.com