# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846 <br><br> JUDGE EDMUND A. SARGUS, JR. <br> Magistrate Judge Kimberly A. Jolson |
| This document relates to: *Johns v. CR Bard et al.*, Case No. 2:18-cv-1509 | |

## MOTIONS IN LIMINE OPINION AND ORDER NO. 13

Before the Court are Plaintiff's Motion in Limine No. 24 To Exclude the Topic of Dr. David Kessler's Prior Expert Designation and Onions (ECF No. 439) and Plaintiff's Motion in Limine No. 25 to Prohibit All References at Trial to the Fact that Evidence has been Excluded (ECF No. 440). For the reasons that follow, Plaintiffs' motions are denied.

This case is the first bellwether trial, selected from thousands of cases in this multidistrict litigation ("MDL"), alleging "that defects in defendants' polypropylene hernia mesh products can lead to complications when implanted in patients, including adhesions." *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.*, Nos. 2:18-md-2486, 2:18-cv-01509, 2020 WL 5223363, at *1 (S. D. Ohio Sept. 1, 2020). This includes the Ventralight ST, the device implanted in Plaintiff. *Id.* at *1–2. Plaintiff brings this action to recover for injuries sustained as a result of the implantation of Defendants' allegedly defective Ventralight ST device. *Id.* at *4. Now, various evidentiary motions are ripe for adjudication.

Plaintiff argues in his most recent motions in limine that evidence related to Dr. Kessler, Plaintiff's former expert witness, should be excluded and any mention that evidence has been excluded should be prohibited. The motions were discussed during the June 8, 2021 management

conference (ECF No. 446), but the Court reserved judgment on the motions. The motions are briefed (ECF Nos. 439, 440, 442, 443); the time for Plaintiff to file reply briefs has passed. S.D. Ohio Civ. R. 7.2(a)(2).

In Plaintiff's Motion in Limine No. 24, Plaintiff asks that the Court exclude the topic of Dr. Kessler (ECF No. 439 at PageID #22682–84), and Defendants agree that generally, parties may not mention any withdrawn expert witnesses (ECF No. 442 at PageID #22698.) However, Defendants state that it is premature to broadly grant this motion because Plaintiff's replacement expert has not yet been deposed. (*Id.*) The Court agrees. Accordingly, Plaintiff's motion is denied in part as moot and denied in part.

Next, Plaintiff argues that any excluded evidence should not be mentioned (ECF No. 440 at PageID #22690), and again Defendants agree, requesting a "bilateral ruling" to this effect (ECF No. 443 at PageID #22701). The Court declines to issue a pretrial order that the parties to follow the law. The Court is confident that the parties will comply with the law at trial. Thus, Plaintiff's motion is denied as moot.

For the reasons set forth above, Plaintiff's Motion in Limine No. 24 (ECF No. 439 is **DENIED IN PART AS MOOT AND DENIED IN PART** and Plaintiff's Motion in Limine No. 25 (ECF No. 440) is **DENIED AS MOOT**.

    **IT IS SO ORDERED.**


**6/28/2021**                                                  **s/ Edmund A Sargus, Jr.**
**DATE**                                                           **EDMUND A. SARGUS, JR.**
                                                                        **UNITED STATES DISTRICT JUDGE**