# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION

Case No. 2:18-md-2846

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

This document relates to:
*Johns v. CR Bard et al.*,
Case No. 2:18-cv-1509

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (ECF No. 517)

Before the Court is Plaintiff's second motion to compel non-party Red Oak Sales to produce discovery. (ECF No. 517.)[1] During the June 8, 2021 conference, the Court permitted the Plaintiffs' Steering Committee ("PSC") to file a motion to compel and for Red Oak to respond. (ECF No. 521 at PageID #6770–71.) The PSC seeks an order compelling Red Oak to produce all responsive documents to the earlier subpoenas and/or an order compelling Red Oak to create a privilege log detailing the documents Red Oak says are privileged. (ECF No. 517 at PageID #6705–06.) For the reasons that follow, the motion to compel is granted in part and denied in part.

The documents at the heart of this discovery dispute are emails between Red Oak and their counsel, Womble, Bond, and Dickinson, LLP ("WBD"), beginning in 2014. (ECF No. 517-3 at PageID #6736.) The PSC contends that Red Oak did not review its emails with WBD for responsive documents (ECF No. 517 at PageID #6704), while Red Oak asserts that "the vast majority of such communications are privileged, so it would be a waste of time to undertake this search" (ECF No. 524 at PageID #6809). The PSC's core contention, then, is that attorney-client

---

[1] All citations are to the docket in No. 18-md-2846.

privilege cannot provide a basis for avoiding the production of responsive documents and that Red Oak must conduct a review to locate any responsive documents and assert attendant privileges in a privilege log. (ECF No. 517 at PageID #6706–07.) Red Oak counters that responding to the subpoena subjects it to an undue burden, and that if Red Oak must comply, the PSC should foot the bill for the review of seven years of emails and the creation of a privilege log. (ECF No. 524 at PageID #6813, 6818.)

Two preliminary matters need addressing. First, Red Oak cannot claim that emails falling within attorney-client privilege were beyond the scope of the PSC's subpoena. The text of Federal Rule of Civil Procedure 45, which governs discovery from non-parties, makes that clear because Rule 45(e)(2)(A) expressly contemplates privileged information being responsive to the subpoena: If "[a] person [is] withholding subpoenaed information under a claim that it is privileged," the person "must expressly make the claim and describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. Pro. 45(e)(2)(A)(i)–(ii). Indeed, there would otherwise be no reason to produce a privilege log if the privileged information was per se unresponsive and thus undiscoverable.

Second, it is inappropriate to conclude that Red Oak waived or forfeited any argument by failing to object within fourteen days of service of the subpoenas, as set forth by Rule 45(d)(2)(B), as the PSC argues. (ECF No. 517 at PageID #6710–11). Regarding claims of privilege, Rule 45(d)(2)(A) "fails to provide any guidance as to when the claim of privilege or work product must be asserted by the person subpoenaed." 9A Arthur R. Miller, Federal Practice and Procedure § 2464, Westlaw (database updated Apr. 2021). Courts are also disinclined to strictly apply the 14-day deadline for objections when "the subpoenaed witness is a non-party acting in good faith."

*Powell v. Time Warner Cable, Inc.*, No. 2:09–cv–00600, 2010 WL 5464895, at *4 (quoting *Am. Elec. Power Co., Inc. v. U.S.*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)).

Here, there is no indication that Red Oak acted in bad faith when it did not raise its arguments here as objections to the subpoenas. Red Oak responded to each of the PSC's subpoenas and supplemented its disclosures, which the PSC acknowledges. (ECF No. 517 at PageID #6709; ECF No. 524 at PageID #6807.) Although the PSC disputes whether Red Oak has complied fully with the subpoenas, there is no evidence of bad faith on the part of Red Oak or WBD.[2] And given that Red Oak could have forfeited its ability to seek costs if it had voluntarily reviewed the emails, *see In re Modern Plastics Corp.*, 890 F.3d 244, 252–53 (6th Cir. 2018), and that the PSC filed a motion to compel before the parties could meet and confer or Red Oak could file a motion to quash, it is unsurprising that Red Oak seeks direction from the Court before proceeding further.

With this in mind, the issues remaining are whether the PSC's request that Red Oak review these emails and create a privilege log imposes an undue burden or expense on Red Oak and how an order compelling Red Oak can mitigate the undue burden. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. Pro. 45(d)(1). District courts must "enforce this duty and impose the appropriate sanction," including reasonable attorney's fees "on a party or attorney who fails to comply." *Id.* If a Court compels a non-party's production, it must issue an order that "protect[s] a person . . . from significant expense resulting from compliance."

---

[2] Red Oak argues that the Court should dismiss the motion to compel because the PSC did not attempt to confer in good faith prior to filing the motion to compel as required by Federal Rule of Civil Procedure 37(a)(1). (ECF No. 524 at PageID #6811.) The attached emails show counsel from both sides were willing to meet and confer after the June 8, 2021 conference. (ECF No. 524-2 at PageID #6876.) However, the Court's decision at the conference to permit the PSC to file a motion to compel and Red Oak's agreement to briefing the issue obviated the need to meet and confer. (*See* ECF No. 521 at PageID #6770.) Courts may utilize their discretion to adjudicate a motion to compel even if the parties fail to meet and confer when the "issues have to be resolved somehow, so there is no use in denying the Motion to Compel and starting the process over again." *Benavidez v. Sandia Nat'l Laboratories*, 319 F.R.D. 696, 726 (D.N.M. 2017). Such is the case here.

Fed. R. Civ. Pro. 45(d)(2)(B)(ii). "Although [Red Oak's] status as a non-party does not relieve it of its obligations to respond to proper discovery requests or to comply with the applicable rules, it does entitle [Red Oak] to consideration regarding expense and inconvenience." *Am. Elec. Power*, 191 F.R.D. at 137. Courts consider "relevance, the breadth of the document request, the time period covered by it, the particularly with which the documents are described, and the burden imposed" when evaluating whether compliance with a subpoena subjects the witness to an undue burden. *Id.* at 136 (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53 (S.D.N.Y. 1996)).

Considering these factors, an order only complying production would result in an undue burden. Even though the Court permitted the PSC to file a reply (ECF No. 525), the PSC does not explain how these emails are relevant. The breadth of the document request is also expansive, including documents and information related to polypropylene, technical sheets, and all complaints, lawsuits, etc. related to polypropylene. (ECF No. 517-2 at PageID #6731.) Because WBD is Red Oak's counsel, this would realistically require review of all emails between them. The time period is also longer, going back to 2014. And finally, the PSC provides no additional description of the types of emails that it hopes to find. The most detail the PSC offers is that an example that "two Red Oak employees exchanged email regarding particular specifications of polypropylene they were procuring for Defendants and then forwarded that email correspondence to Red Oak's counsel without the intent to seek legal advice." (ECF No. 517 at PageID 6709.) However, the value of such discovery would be low. The production of these emails are duplicative because the original emails should have been produced. And the cost in time and money of reviewing these emails and developing a privilege log is relatively high. The PSC contends that Red Oak has already produced some of these documents in previous litigation (ECF

No. 533 at PageID #6994 n.2), which certainly decreases the burden for Red Oak to comply with the subpoena. But on the whole, the factors demonstrate that an order simply compelling production would put an undue burden on Red Oak.

The burden on Red Oak can be mitigated one of two ways. First, the PSC can pay the costs of having Red Oak and WBD review the emails and create a privilege log. Second, the PSC can create a narrow discovery plan agreeable to both the PSC and Red Oak or, in the absence of agreement, and only for good cause, ordered by the Court. For instance, the PSC could narrow the date range, narrow the subject matter in some manner, reduce duplicative discovery, etc., and provide search terms to that effect. Accordingly, the PSC's motion to compel Red Oak is denied in so far as the PSC seeks production without shouldering the costs and granted in so far as the PSC implements one of the two mitigation options above.[3]

For these reasons, Plaintiff's motion to compel (ECF No. 517) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

**7/9/2021**                           **s/ Edmund A. Sargus, Jr.**
**DATE**                                **EDMUND A. SARGUS, JR.**
                                                 **UNITED STATES DISTRICT JUDGE**

---

[3] The parties no longer dispute whether Red Oak otherwise failed to produce certain documents as evidence by what the PSC has named the "Resign Box" email chain. (ECF No. 533 at PageID #6991.) Red Oak argues that the PSC should not be awarded costs for bringing this motion to compel (ECF No. 524 at PageID #6819), but the PSC does not raise this argument. Accordingly, the Court does not address it.