**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION** | Case No. 2:18-md-2846<br><br>**JUDGE EDMUND A. SARGUS, JR.**<br>**Magistrate Judge Kimberly A. Jolson** |

**This document relates to:**
ALL ACTIONS.

**CASE MANAGEMENT ORDER NO. 36**

When a plaintiff has died while a case is pending, any Motion to Substitute filed pursuant to Federal Rule of Civil Procedure 25(a) should address whether the proposed substitute is a representative of the deceased plaintiff's estate, as opposed to the deceased plaintiff's heir or next of kin, regardless of whether the plaintiff died testate or intestate. If the moving party's position is that the proposed substitute is not required to be a representative of the deceased plaintiff's estate under applicable state law, the Motion to Substitute must include relevant authority supporting that position.

**IT IS SO ORDERED.**

9/9/2022　　　　　　　　　　　　　　　　s/Edmund A. Sargus, Jr.
**DATE**　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**