UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD, INC.,
POLYPROPYLENE HERNIA MESH
PRODUCTS LIABILITY LITIGATION

Case No. 2:18-md-2846

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

**This document relates to:**
*Stinson v. C.R. Bard, et al.*
Case No. 2:18-cv-1022

## CASE MANAGEMENT ORDER NO. 37-A

### Pretrial and Trial Schedule for Third Bellwether Trial Case

On January 24, 2020, the Court selected *Stinson v. C.R. Bard et al.*, Case No. 2:18-cv-01022 as the third Bellwether Trial Case that will be tried in this multidistrict litigation ("MDL"). This trial has been rescheduled to May 15, 2023. This amended CMO supersedes the deadlines in CMO 37. The pre-trial schedule for this case is as follows:

**I. TRIAL AND FINAL PRETRIAL CONFERENCES**

**A. Trial**

1. The third Bellwether Trial Case is scheduled for trial on **May 15, 2023**, at 9:00 a.m. in Courtroom 311.

2. Unless otherwise notified by the Court, trial counsel shall meet in the chambers of Judge Sargus at 8:30 a.m. on each day of the trial.

3. The first week of trial will consist of 5 days of trial, or Monday through Friday. The following weeks of trial will alternate between 4 days of trial, consisting of Monday through Thursday, and 5 days of trial. Excluding voir dire, preliminary and final jury instructions, and opening and closing arguments, each side will be allowed 35 hours of trial time for the presentation of testimony and any time spent cross-examining the other side's witnesses. Time spent on objections, unless otherwise noted, will not count against either side's time.

1

    B. **Final Pretrial Conferences**

        1.    The first final pretrial conference shall be held on **May 9, 2023**, at 9:00 a.m. in the chambers of Judge Sargus. All trial counsel must appear.

        2.    The second final pretrial conference shall be held on **May 10, 2023**, at 9:00 a.m. in the chambers of Judge Sargus. All trial counsel must appear.

            a.    The Court will resolve any objections to the deposition designations and objections to the exhibits at that time.

            b.    Attached to this CMO is the Court's Final Pretrial Order ("CMO 37-B"). The parties shall jointly submit CMO 37-B on or before **May 11, 2023**.

## II.   *DAUBERT* MOTIONS AND DISPOSITIVE MOTIONS

    A.    The parties have already filed and briefed dispositive motions and *Daubert* motions. By **December 9, 2022**, each party shall notify the Court which of the motions the party has filed may be decided in whole or in part without waiting for the completion of any further discovery

    B.    Oral argument on expert motions and dispositive motions to be held at the discretion of the Court.

    C.    Pursuant to Case Management Order No. 26-A (Case No. 18-md-2846, ECF No. 345), the parties must file any Motion to Temporarily Seal **at least one full business day prior to filing the underlying motion** and contemporaneously email a courtesy copy of the Motion to Temporarily Seal to chambers.

## III.   WITNESS LISTS

    A.  **Deadlines**

        1.    Plaintiff shall serve his updated witness list by **February 17, 2023**.

        2.    Defendants shall serve their witness list by **February 24, 2023**.

    B.  **Procedures**

        1.    Witnesses not included on a party's witness list shall not be called at trial absent agreement by the parties or a showing of good cause as to why the witness was not included on the witness list. The parties will use good faith efforts to list persons whom they actually intend to call at trial (live or by

deposition) based upon on a good faith current intentions "will call" list, and persons whom they currently believe are unlikely to be called but may be called on a "may call" list. The parties shall also use good faith efforts to state whether each proposed witness will be called live, or by deposition.

## IV. DEPOSITION DESIGNATIONS

### A. Deadlines

1. The parties shall serve page/line designations of the deposition testimony from the top ten (or less) depositions that each anticipate playing in their case by **March 8, 2023**.

2. As to the witnesses timely designated by the opposing parties, the parties shall serve (a) page/line counter-designations of deposition testimony; and (b) objections to other party's page/line deposition designations by **March 22, 2023**.

3. As to the witnesses timely designated by the opposing parties, the parties shall serve (a) page/line counter-counter designations of deposition testimony; and (b) objections to the other parties' page/line deposition counter- designations by **March 29, 2023**.

4. As to the witnesses timely designated by the opposing parties, the parties shall serve objections to the other parties' page/line counter-counter-designations by **April 5, 2023**.

5. For any deposition taken on or after March 1, 2023, any affirmative page/line designations are due one week after the receipt of the final deposition transcripts, objections and counter-designations are due one week after the affirmative page/line designations are delivered, objections and counter-counter-designations are due one week after the objections and counter-designations are delivered, and objections to counter-counter designations are due five days after the counter-counter designations are delivered.

6. All page/line designations, counter-designations, counter-counter-designations, and objections shall be exchanged by the parties in an Excel format to be agreed on by the parties.

7. After the exchange of the foregoing materials, the parties shall confer in an attempt to resolve any objections by April 12, 2023.

3

### B. Due to Court

On a rolling basis, the parties shall submit to the Court the complete designations and objections for timely designated witnesses that remain after the parties' meet-and-conferral process, **with all designations and objections to be submitted to the Court no later than April 19, 2023, at 5:00 p.m.** The submission shall be in same format that was done for the Milanesi trial; specifically, a complete "run report" of all live designations with brief "bubble comments" for live objections and responses thereto. With each submission, the parties shall attach the exhibits referenced in any designated testimony.

## IV. EXHIBIT LISTS

### A. Deadlines

1. The parties shall mark their documentary or physical evidence in advance of trial. The exhibits shall comport with all of the requirements of Federal Rule of Civil Procedure 26(a)(3)(A).

2. Plaintiff shall serve his exhibit list in a format to be agreed by the parties, which shall include all document production numbers (*i.e.,* all known bates numbers, if applicable) and/or a description of the document (if there is no bates number) by **March 31, 2023**. An electronic copy of the exhibits shall also be provided on or before **April 5, 2023**, in a format to be agreed by the parties. Demonstrative exhibits shall be shown to opposing counsel before being displayed to the jury.

3. Defendants shall serve their exhibit list in a format to be agreed by the parties, which shall include all document production numbers (*i.e.,* all known bates numbers, if applicable) or a description of the document (if there is no bates number), by **April 7, 2023**. An electronic copy of the exhibits shall also be provided by **April 15, 2023**, in a format to be agreed by the parties. Defendants shall serve any objections to Plaintiff's exhibit list by **April 24, 2023**.

4. Plaintiff may serve any objections to Defendants' exhibit list by **May 1, 2023**, at 9:00 a.m.

5. The parties shall have the right to supplement their exhibit list(s) in light of any and all ongoing discovery.

### B. Due to Court

All unresolved objections must be submitted to the Court by **May 5, 2023**, at 9:00 a.m., along with copies of the exhibits to which there are unresolved objections in a three-ringed, tabbed notebook.

The Court strongly encourages the parties to utilize the electronic courtroom technology for presentation of evidence. The parties shall report to the Court, by joint submission, on or before the date of the first final pretrial conference, their intent to use the technology. If the parties are not utilizing the Court's complete electronic technology, they shall present their exhibits by using the document cameras (ELMOs) located at counsel tables.

No later than the day trial commences, the parties shall provide to the Court via email one courtesy set of the exhibits that they intend to use at trial. These copies should incorporate the Court's rulings on objections.

The parties are directed to stipulate to the exhibits for which they have no objections in advance of trial to the furthest extent possible. A joint proposed stipulation and order regarding these exhibits must be submitted to the Court one week after the second final pretrial conference.

### C. Exhibits During Trial

At trial, counsel may not approach a witness to tender an exhibit. Rather, the Courtroom Deputy will place each exhibit before each witness. In formulating a question to a witness, counsel shall clearly specify the exhibit number or designation involved to ensure a clear trial record. Exhibits introduced for the first time must be displayed to opposing counsel. Counsel shall be prepared to provide copies of such exhibits to opposing counsel, the Court, and the witness.

The parties shall also provide to the Courtroom Deputy each morning a list of exhibits that the witnesses plan to testify to during that day of trial.

V.  **MOTIONS *IN LIMINE***

    A. **Deadlines**

        1.    Motions *in limine* shall be filed by **December 29, 2022**.

        2.    Responses in opposition to motions *in limine* shall be filed by **January 17, 2023**.

        3.    No reply is permitted without leave of Court, and only then for good cause.

    B. **Procedures**

        1.    The following apply to all *in limine* motions:

            a.  Index to motions *in limine:* If filing more than one *in limine* motion, the party shall submit to the Court and to the opposing party an "Index to Motions *in Limine*."

            b.  Attachments to motions *in limine*: If filing an *in limine* motion seeking an evidentiary ruling on a category of documents, testimony, or argument the party shall attach to the *in limine* motion document(s) or testimony on which it seeks a pre-trial ruling. A party responding shall attach any document or testimony that it deems is necessary for the Court to fully consider the evidentiary issue presented.

            c.  Page Limitation: Individual *in limine* motions and responses shall be limited to 10 double-spaced pages; replies shall be limited to 6 double-spaced pages absent agreement of the parties or leave of Court.

            d.  The moving party shall indicate in any motion *in limine* whether the Court ruled on the issue previously and, if so, whether it is moving to preserve the issue for appeal or whether it is seeking a different ruling because of new or different circumstances, a change in controlling law, or other good cause.

            e.  Pursuant to Case Management Order No. 26-A (Case No. 18-md-2846, ECF No. 345), the parties must file any Motion to Temporarily Seal **at least one full business day prior to filing the underlying motion** and contemporaneously email a courtesy copy of the Motion to Temporarily Seal to chambers.

        2.    In the event that a party, based on discovery after December 29, 2022, seeks to file a motion *in limine* to address a new subject, it shall seek the consent of the

opposing party. If the opposing party consents, the party may file the motion without the need to seek leave of the Court. If the opposing party does not consent, the party shall then seek leave of Court, advising the Court of the new subject and the new discovery. The responses in opposition shall be filed 14 days after the motion is filed. Notwithstanding the foregoing, no new motions in *limine* shall be filed after **March 1, 2023** without leave of Court.

## VI. VOIR DIRE

The parties shall exchange proposed voir dire questions on **April 14, 2023**. The parties shall submit their proposed voir dire questions to the Court by **April 21, 2023**.

The whole panel of prospective jurors (i.e. those in the jury box and those seated in the rear of the courtroom) will be examined collectively. The Court will conduct some of the voir dire examination.

After voir dire, the Court will consider challenges for cause and peremptory challenges. Each prospective juror is assigned a number by the Clerk's Office. A list of the jurors' names and numbers is available to counsel prior to the commencement of trial. When challenging a juror, counsel should refer to the juror by name and number.

Counsel will not be permitted to question jurors individually regarding background information. This information is contained in juror questionnaires which will be on file in the Clerk's Office. Counsel should examine these forms prior to the commencement of trial. Counsel should contact the Court's Law Clerk, Ashlee Riner, who can be reached at (614) 719-3253 or Ashlee_Riner@ohsd.uscourts.gov, to arrange access to juror questionnaires.

Because of the estimated length of this trial, an additional questionnaire will be sent to the jury pool. The main question in this questionnaire will be whether the juror can serve for the length of the trial. The Court will entertain additional questions the parties propose to be in included in the

questionnaire.

### VII. JURY INSTRUCTIONS

#### A. Jury Instructions from the Court

The Court will prepare preliminary and general jury instructions. The parties may obtain an example of the Court's general instructions from the Court's Law Clerk, Ashlee Riner. The parties shall concentrate their efforts on the case-specific instructions.

#### B. Proposed Jury Instructions from the Parties

The parties shall submit jointly one set of proposed jury instructions which contains the parties agreed upon case-specific instructions, and, in the event the parties cannot agree on an instruction, each party's own individual proposed case-specific instruction. To this end, counsel shall adhere to the following procedures:

1. The parties shall serve their proposed jury instructions on each other on or before **April 21, 2023**.

2. Counsel then shall meet, confer and agree on proposed case-specific jury instructions.

3. If, after concerted good faith effort, the parties are unable to agree upon a particular case-specific instruction, each party shall propose its own version. Plaintiff's version shall be presented first, immediately followed by Defendants' version of the jury instruction, complete with pinpoint citations to binding authority. Each version, Plaintiff's and Defendants', shall appear together on one page for ready comparison. Versions of longer instructions (over one page) shall appear one after another. A party may indicate its general objection to the giving of the proposed instruction.

4. Proposed case-specific jury instructions shall be submitted to the Court on or before **May 5, 2023**.

All instructions shall be concise, understandable and neutral. Further, counsel shall at a minimum agree on a common index and the proposed instructions from all parties shall correspond to the index.

8

## VIII. MODIFICATION

The parties may by agreement modify the dates within this CMO that affect only the parties. All deadlines established for submissions to the Court may only be modified for good cause and with the permission of the Court.

## IX. ADDITIONAL GUIDELINES

### A. Jury

Any prospective juror may be challenged for cause. Each party shall be entitled to three (3) peremptory challenges. 28 U.S.C. § 1870. The parties will exercise their peremptory challenges alternately with the plaintiff exercising the first challenge. If either party "passes," that challenge will be counted as used.

In most civil cases the Court will seat a jury of eight (8) members. In accordance with Federal Rule of Civil Procedure 48, all jurors shall participate in the verdict unless excused pursuant to Rule 47(c). Unless the parties otherwise stipulate, the verdict shall be unanimous.

### B. Trial Procedure

Trial will commence every day at 9:00 a.m. The Court will take one mid-morning break, one lunch break, and one mid-afternoon break each day.

### C. Disclosure of Live Witnesses

Unless the parties agree otherwise, given the nature of this trial, including the extraordinary amount of documents and preparation, disclosure of live witnesses to be called to testify, and expected order, shall be made 24 hours in advance of the witness testifying.

Any new witness for a Monday shall be disclosed on Friday before 9:00 p.m. (Eastern Standard Time). The parties shall use good faith efforts to notify opposing counsel of witnesses to

9

be presented by deposition designations 24 hours in advance of their use at trial, but the intent of this is not to preclude a party from utilizing a deposition designation if time allows for such use during the natural progression of the trial.

### D. Other Matters

This Order supersedes all previous orders in this case to the extent previous orders are inconsistent with this Order.

The parties shall address questions about this Order to the Court's Law Clerk, Ashlee Riner. When calling or emailing, please have counsel for all parties participating or with fewer than all counsel participating with express permission of non-participating counsel.

**IT IS SO ORDERED.**

**12/7/2022**                                         **s/Edmund A. Sargus, Jr.**
**DATE**                                              **EDMUND A. SARGUS, JR.**
                                                             **UNITED STATES DISTRICT JUDGE**