UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No.: 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |

**This document relates to:**
**ALL CASES**

## MOTION FOR LEAVE TO FILE UNDER SEAL AN AGREED MOTION TO ESTABLISH A QUALIFIED SETTLEMENT FUND, TO APPOINT SETTLEMENT CLAIMS ADMINISTRATOR, AND TO ISSUE RELATED RELIEF

Leger Ketchum & Cohoon PLLC and Constant Legal Group, LLP, counsel for several hundred plaintiffs in this action (together, "Claimants' Counsel" and with plaintiffs, "Claimants"), and Defendants C. R. Bard, Inc. and Davol Inc. (together, "Bard") (Claimants' Counsel and Bard are collectively referred to as the "Parties"), jointly move this Court to grant them leave to file, under seal, an Agreed Motion to Establish a Qualified Settlement Fund, to Appoint Settlement Claims Administrator, and to Issue Related Relief (the "QSF Motion").

The information contained in the QSF Motion is not of interest to the general public. Instead, the QSF Motion contains and discloses the confidential terms of the Parties' settlement agreement. Disclosure of these confidential settlement terms offers no benefits to the public at large and would interfere with the privacy interests of the Parties. Consequently, the Parties jointly seek leave of this Court to file the QSF Motion under seal.

### BACKGROUND

While Bard denies any and all liability and believes it has meritorious arguments, in an effort to resolve their outstanding disputes, Claimants and Bard entered into a confidential Master Settlement Agreement (the "MSA"). Bard entered into the MSA solely to avoid the

expense, inconvenience, and burden of litigation, and the distraction and diversion of its personnel and resources; and has done so without admission of liability or wrongdoing. To facilitate the Parties' settlement, the Parties have drafted and intend to file with the Court the above-referenced QSF Motion to, among other things, establish a qualified settlement fund and appoint a settlement claims administrator. However, because the QSF Motion discloses the MSA's terms and conditions—terms and conditions which the Parties privately negotiated and agreed through a material confidentiality provision in the MSA would remain private and shielded from public view—the Parties file the instant motion and move the Court to keep the QSF Motion sealed.

## LEGAL STANDARD AND ARGUMENT

The right of public access to court records is not an absolute right, and the decision regarding access "is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 603 (1978). In this Circuit, sealing is justified if (1) there is a compelling reason why certain documents or portions thereof should be sealed; and (2) the seal is narrowly tailored to serve that reason. *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019); *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016).

I. **The Parties' Compelling Privacy Interests in the Contents of Defendants' Memorandum of Law Outweigh any Public Right of Access**

Here, the Parties' interest in maintaining the confidentiality of the QSF Motion easily overcomes the presumption of public access. The QSF Motion discloses the terms and conditions of the Parties' private and confidential settlement agreement—to the exclusion of all substantive information relevant to this litigation. The information the Parties request to remain sealed is not

2

-

-

-

relevant "to the facts underlying this litigation," which are what generally constitute matters of public concern. *Netjets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*, No. 2:14-cv-2487, 2016 WL 5349793 (S.D. Ohio Sep. 23, 2016) (finding that confidentiality concerns relating to the bargain underlying an alleged oral settlement agreement between the parties supported the court's granting of defendant's motion to seal); *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-CV-116, 2016 WL 9403903, at *1 (S.D. Ohio Aug. 3, 2016) (a private settlement of a private dispute involving private parties does not involve issues of great public concern). Additionally, because the QSF Motion does not address the merits of the case in an outcome-determinative manner, the public's interest in accessing such motion is fairly low. *See Young v. Actions Semiconductor Co.*, Civ. No. 06-cv-1667, 2007 U.S. Dist. LEXIS 54633, at *4-6 (S.D. Cal. July 27, 2007) (finding the public has "less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Therefore, while the content of the QSF Motion, including its disclosure of various terms and conditions of the MSA, is not of concern to the public, maintaining the privacy and confidentiality of this information is of paramount importance to Bard. As such, the Parties' request to permanently seal references in the QSF Motion to the terms and conditions of the MSA overcomes any presumption of public access to court records in this instance.

## II. **Disclosure of Defendants' Memorandum of Law Would Place the Parties at an Improper Disadvantage**

Even if the information in the QSF Motion was a matter of public concern and was relevant to the claims and issues in this litigation—it is not—sealing the QSF Motion would still be warranted because the public disclosure of the confidential terms and conditions of the Parties' settlement risks putting Bard at a competitive disadvantage in future settlement

3

negotiations with plaintiffs and law firms that have not yet engaged in settlement against Bard. *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, (1978) ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing."); *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543, (S.D.N.Y. Mar. 2, 2016) (ECF 2691) (granting motion to seal a memorandum of understanding to establish a qualified settlement fund where disclosure "could impair ongoing settlement discussions with other MDL Plaintiffs" and could "implicate the privacy interests of Plaintiffs who are part of the settlement group."); *Sabinsa Corporation v. Herbakraft, Inc.*, No. 14-4738, 2017 WL 3331773, at *1-2 (D.N.J. Aug. 4, 2017) (granting motion to seal references to settlement agreement on the grounds that reference thereto would disadvantage party vis a vis competitors). There can be no doubt that the nuts and bolts of the Parties' agreement is highly confidential information that would be keenly sought by other plaintiffs in this litigation (and their counsel), and could be used in a way that would produce an unfair advantage against Bard. If made public, the deal terms disclosed in the QSF Motion would likely assist other plaintiffs before this court, and in other cases pending before other state courts involving these products, and may lead them to attempt to negotiate unacceptable terms with Bard, which may result in cases needlessly remaining pending before courts and associated pretrial- and trial-related activity. Accordingly, the disclosure of the deal terms could improperly limit the negotiating flexibility of Bard in future cases and result in failed case resolutions where otherwise a deal may have been possible. Additionally, there is no question that allowing the QSF Motion to remain public would unfairly prejudice Claimants' Counsel and Claimants, who were the first to successfully negotiate the settlement of their cases and agree, in confidence, to the specific terms

and conditions disclosed therein. Thus, their privacy interests would also be protected and best served by preserving the confidentiality of the QSF Motion.

In short, public interest is best served, in this instance, by maintaining the confidentiality of the Parties' settlement terms and sealing the documents that disclose those terms—the QSF Motion. The fact that this settlement involved a group of plaintiffs (but less than the whole) rather than a single plaintiff, should have no bearing on whether the private and confidential settlement terms disclosed in the QSF Motion should remain sealed. Indeed, many other courts have sealed mass tort-related settlement documents, including those relating to the establishment of a Qualified Settlement Fund, on the very same grounds that the Parties set forth in this motion. *See, e.g., In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543, (S.D.N.Y. Mar. 2, 2016) (ECF 2691) (granting motion to seal a mass tort memorandum of understanding to establish a qualified settlement fund); *Bain v. AstraZeneca LP*, No. C 09-4147 CW, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011) (sealing the stipulation filed in support of motion to establish a Qualified Settlement Fund that contained "detailed information about the settlement").

III. **Courts Are Generally Amenable to Sealing Settlement-Related Documents**

Courts in this District and across the country routinely grant motions to seal such as the one presented to this Court, finding that the interests of private parties in maintaining the terms of their private and confidential settlement agreements is compelling enough to overcome the presumption of public access. *See, e.g., Jackson v. Gen. Elec. Aviation*, No. 1:19-CV-629, 2020 WL 5290535, at *1 (S.D. Ohio Sept. 4, 2020) (granting motion to seal the terms of a confidential settlement agreement because the private parties' interest in maintaining the confidentiality of their settlement discussions overcame the presumption of public access to those records);

5

*Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-CV-116, 2016 WL 9403903, at *1 (S.D. Ohio Aug. 3, 2016) (granting motion to seal and finding that a private settlement of a private dispute involving private parties does not involve issues of great public concern); *Zwerin v. 533 Short North LLC*, 2012 WL 5388762, *3 (S.D. Ohio Nov. 2, 2012) (a confidential settlement agreement that has not become the subject of litigation need not be made public); *In re Black Diamond Mining Co., LLC*, No. 15-96-ART, 2016 U.S. Dist. LEXIS 78318, at *25 (E.D. Ky. June 16, 2016) (finding that granting motion to seal was appropriate where the briefs and documents reference various confidential agreements and related documents).

## CONCLUSION

On balance, sealing the QSF Motion would protect the privacy interests of the Parties, would ensure the terms and provisions of the Parties agreement would not be used by other MDL or state court plaintiffs and firms to disadvantage Bard or impair ongoing and/or future settlement discussions, and would not impermissibly impact the general public. Because the public interest in the QSF Motion and the mechanics of the Parties' settlement agreement is minimal, and because the privacy interest of the Parties in maintaining this information under seal is overwhelmingly strong, the balance of factors weigh heavily in favor of this Court sealing the QSF Motion. Accordingly, the Parties respectfully move the Court to grant their application to file the QSF Motion under seal.

For the reasons set forth above, the Parties move the Court to grant them leave to file the QSF Motion under seal and prevent the public disclosure of confidential and material terms of the MSA.

Respectfully Submitted,

*/s/ Bradley L. Leger*
Bradley Leger

Leger Ketchum & Cohoon PLLC
10077 Grogans Mill Rd #325
The Woodlands, Texas 77380
Email: bleger@lkclawfirm.com


*[signature]*

~~Ryan Cavanaugh~~ Constantine Venizelos
ryan@constantllp.com           Partner
Constant Legal Group LLP
737 Bolivar Rd Suite 440
Cleveland, OH 44115
Email: ryan@constantllp.com

*Counsel for Plaintiffs*


/s/ Eric Alexander

Eric Alexander, Esq.
HOLLAND & KNIGHT LLP
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
(202) 469-5640
eric.alexander@hklaw.com

Michael K. Brown
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: (213) 457-8000
mkbrown@reedsmith.com

*Co-Lead Counsel for Defendants Davol Inc. and C. R. Bard, Inc.*

William D. Kloss, Jr.
VORYS SATER SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
(614) 464-6360
wdklossjr@vorys.com

*Liaison Counsel for Defendants C. R. Bard, Inc. and Davol Inc.*

7