UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |

**This document relates to:**
**ALL ACTIONS.**

### ORDER DENYING MOTION FOR LEAVE TO FILE UNDER SEAL

This matter is before the Court on Leger Ketchum & Cohoon PLLC, Constant Legal Group, LLP, and Defendants C.R. Bard, Inc. and Davol, Inc.'s joint Motion for Leave to File Under Seal an Agreed Motion to Establish a Qualified Settlement Fund, to Appoint Settlement Claims Administrator, and to Issue Related Relief (ECF No. 846).  The parties argue that the Agreed Motion to Establish a Qualified Settlement Fund, to Appoint Settlement Claims Administrator, and to Issue Related Relief ("QSF Motion") should be filed under seal because disclosure of the information "offers no benefits to the public at large and would interfere with the privacy interests of the Parties."  (*Id.* at PageID #9419.)

"Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'"  *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).  For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records."  *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation

omitted)). "A movant's obligation to provide compelling reasons justifying the seal exists even if the parties agree the filings should be sealed, because litigants cannot waive the public's First Amendment and common law right of access to court filings." *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-CV-185, 2017 WL 3537195, at *2 (S.D. Ohio Aug. 17, 2017) (citing *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)). "[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305 (citation omitted). "[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (citation and quotations omitted). The Court's obligation to keep its records open for public inspection "is not conditioned upon the desires of the parties to the case." *Language Access Network v. CulturaLink*, No. 2:19-CV-194, 2021 WL 5298048, at *1 (S.D. Ohio Nov. 15, 2021) (quoting *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017).)

The parties here have not shown that the high standard for nondisclosure set out in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan* has been met. The desire of Defendants and of this particular group of plaintiffs to keep the terms of the QSF Motion secret from other plaintiffs in this MDL (ECF No. 846 at PageID #9422), and claimed unfair prejudice to these parties (*id.*), do not fall into the category of "[o]nly the most compelling reasons," and do not overcome the "strong presumption of openness." *Shane Grp.*, 825 F.3d at 305. This Court has ruled multiple times in this MDL that claims that a document would be "highly prejudicial" are insufficient to

2

establish that a document should be sealed. (*See, e.g.*, Case No. 18-cv-1022, ECF No. 149 at PageID #6041; Case No. 18-cv-1320, ECF No. 341 at PageID #18772.)

Accordingly, Leger Ketchum & Cohoon PLLC, Constant Legal Group, LLP, and Defendants C.R. Bard, Inc. and Davol, Inc.'s joint Motion for Leave to File Under Seal an Agreed Motion to Establish a Qualified Settlement Fund, to Appoint Settlement Claims Administrator, and to Issue Related Relief (ECF No. 846) is **DENIED**.

**IT IS SO ORDERED.**

**7/1/2024**                           **s/Edmund A. Sargus, Jr.**
**DATE**                             **EDMUND A. SARGUS, JR.**
                                          **UNITED STATES DISTRICT JUDGE**