# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No.: 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |

**This document relates to:**
**ALL CASES**

CASE MANAGEMENT ORDER NO. 53:  DOCKET CONTROL ORDER

This Order applies to all Plaintiffs with personal injury cases pending in this Multidistrict Litigation, No. 2846 (the "MDL"), on or after the date of entry of this Order which are not stayed pursuant to Case Management Order No. 52.  This Order requires all such Plaintiffs to comply with certain preservation obligations and to produce certain specified information regarding their claim.  Plaintiffs who represent themselves *pro se* in this MDL proceeding shall be bound by the requirements of this Order and shall fully comply with all obligations required of counsel by this Order, unless otherwise stated.  Future obligations concerning Plaintiff Profile Forms in Case Management Orders No. 8 and 8-A are superseded by this Order pending further Order of this Court.  Future obligations concerning Defendant Profile Forms in Case Management Order No. 12 are suspended pending further Order of this Court.

I. PRESERVATION NOTICE REQUIREMENT

    A.    For all cases docketed in this MDL (either through direct filing or JPML transfer) before or on the date of entry of this Order, where a stay order established by Case Management Order No. 52 has been lifted, counsel for each Plaintiff covered by the order lifting the stay (or if a Plaintiff is proceeding *pro se*, the Plaintiff) shall

within fourteen (14) days of any order lifting the stay send notices to the following individuals or entities, advising that the individual or entity may have records relevant to the Plaintiff's claim in this MDL and that any records relating to the Plaintiff must be preserved pending collection by Plaintiff. For any cases filed or transferred after the date of entry of this Order, counsel for Plaintiff (or if a Plaintiff is proceeding *pro se*, the Plaintiff) will have fourteen (14) days after service of the Plaintiff's Complaint in this MDL to provide the above-mentioned notice(s). The notice(s) shall be sent to:

1. All pharmacies that dispensed any medication to the Plaintiff related to any and all claims and/or alleged injuries for the period from five (5) years prior to the date of the alleged injury claimed to the present; and

2. All physicians, medical facilities, other healthcare providers and/or other persons who implanted or explanted a Bard Hernia Mesh Product in or from Plaintiff or otherwise treated the Plaintiff related to any and all claims in the case, including abdominal surgeries and/or hernia-related pain or injuries.

B. Counsel for Plaintiff (or if a Plaintiff is proceeding *pro se*, the Plaintiff) shall serve a signed certification verifying that notices were sent and attach copies of the notices with the certification. This will be done within thirty (30) days of service of the notice(s) referenced in Section I.A.

1. Plaintiffs shall serve the certification required by this Section by email to BardHerniaMDLDocuments@hklaw.com.

**II.     CERTIFICATION REQUIREMENT**

    A.    For all cases docketed in this MDL (either through direct filing or JPML transfer) before or on the date of entry of this Order, where a stay order established by Case Management Order No. 52 has been lifted, counsel for each Plaintiff covered by the order lifting the stay (or if a Plaintiff is proceeding *pro se*, the Plaintiff) shall within twenty-one (21) days of any order lifting the stay serve certifications under penalty of perjury as set out below.  For any cases filed or transferred after the date of entry of this Order, counsel for Plaintiff (or if a Plaintiff is proceeding *pro se*, the Plaintiff) will have twenty-one (21) days after service of the Plaintiff's Complaint in this MDL to serve these certifications.

        1.    One counsel in good standing who has appeared for each Plaintiff (or if a Plaintiff is proceeding *pro se*, the Plaintiff) shall certify under penalty of perjury in a written and signed document that:

            (i)    the claims set forth in the operative complaint are not time barred by the applicable statutes of limitations and/or statutes of repose;

            (ii)    the claims set forth in the operative complaint are not the subject of an earlier filed and currently pending case;

            (iii)    the claims set forth in the operative complaint have not been settled or released previously, including through a pending or concluded bankruptcy proceeding; and

            (iv)    if the case involves a survivorship or wrongful death claim, that the proper party has been substituted and has the legal right to proceed on behalf of Plaintiff's decedent.

    2.    Plaintiffs shall serve the certification required by this Section by email to BardHerniaMDLDocuments@hklaw.com.

    3.    In the event that the Plaintiff's claims are later dismissed over Plaintiff's objection, on motion or otherwise, based on a finding contrary to the certification served pursuant to this Section (e.g., that the claims were time-barred), then upon motion Bard may be entitled to costs and fees from the certifying counsel and/or Plaintiff, at the discretion of the Court, as the law may provide.

## III. DISCOVERY REQUIREMENTS

A. All Plaintiffs subject to this Order shall produce the following documents and/or information:

    1.    A Plaintiff Fact Sheet ("PFS") and authorizations in the forms previously approved by the Court that comply with the requirements of Case Management Order No. 14 *Regarding Plaintiff Fact Sheets* and any subsequent amendments and/or related orders;

        (i)    Authorizations shall permit gathering of designated records by any counsel of record for Bard in the case and/or its designated records vendor.

    2.    All medical records relating to the Plaintiff from all healthcare providers who received notice pursuant to Sections I.A.1. and I.A.2. above, and which must further include product identification, implant and explant records, and any records relating to one or more Bard Hernia Mesh Products, the claims and/or alleged injuries; and

      3.      An affidavit signed by the Plaintiff or his/her counsel (i) attesting that to the best of his/her knowledge, all medical records described in Section III.A.2. have been collected; and (ii) attesting that all records collected have been produced pursuant to this Order.

B.      If any of the documents or records described in Section III.A.2 above do not exist, the signed affidavit by Plaintiff or Plaintiff's counsel shall state that fact and the reasons, if known, why such materials do not exist, and shall make every effort to provide a "No Records Statement" from the healthcare provider, where available.

C.      For all cases pending in the MDL as of the date of entry of this Order where a stay order established by Case Management Order No. 52 has been lifted, Plaintiffs covered by the order lifting the stay shall produce the items required in Sections III.A. and III.B. above within sixty (60) days of any order lifting the stay. For any cases filed or transferred into this MDL after the date of the entry of this Order, Plaintiffs shall produce the items required in Sections III.A. and III.B. above within sixty (60) days of service of the Plaintiff's Complaint in this MDL, but not sooner than October 1, 2024.

D.      All Plaintiffs shall also produce case-specific expert reports in compliance with Federal Rule of Civil Procedure 26 as follows:

      1.      A case-specific expert report concerning the specific causation of the Plaintiff's alleged injury. The case-specific expert report should identify the Plaintiff's implant with one or more Bard Hernia Mesh Products, the reasons for the implant(s), and the nature of the Plaintiff's alleged injury, along with the details of any medical exams, testing, diagnosis or

    treatment relied upon to support any claimed injury; a statement that the expert believes to the appropriate degree of medical certainty that a Bard Hernia Mesh Product caused Plaintiff's alleged injury, along with a description of all facts, medical and scientific literature or other authorities relied upon by the expert to support such opinion; and the medical records relied upon in forming the expert's opinion.  The signed case- specific expert report must be on behalf of a physician who holds a current medical license in one or more states or territories of the United States. Nothing in this Order shall preclude, upon leave of Court or in accordance with other applicable law or Order, amendment of case-specific expert reports or provision of additional case-specific expert reports prior to trial.

  2. Form or template reports are not permitted.  If such a report is received, Defendants may move for an Order to Show Cause.

E. For all cases pending in this MDL as of the date of entry of this Order where a stay order established by Case Management Order No. 52 has been lifted, Plaintiffs covered by the order lifting the stay shall produce expert reports required in Section III.D. above within ninety (90) days of any order lifting the stay.  For any cases filed or transferred into this MDL after the date of the entry of this Order, Plaintiffs shall produce expert reports required in Section III.D. within ninety (90) days of service of the Plaintiff's Complaint in this MDL.

F. Plaintiffs shall serve the items required in Sections III. A, B and D by email to BardHerniaMDLDocuments@hklaw.com.

    G.    To the extent that this Order conflicts with any deadlines or provisions of CMO 14, this Order shall govern.

    H.    Within forty-five (45) days of the service of the expert report required in Sections III.D. of this Order, Defendants may request of Plaintiff's counsel or, if *pro se*, of Plaintiff that Plaintiff be presented for deposition at a time and place reasonably agreed by the parties within no more than sixty (60) days of the request. The time for a request for deposition shall be extended by an amount of time commensurate with any motions practice under Section IV or by agreement of the Parties.

## IV. MOTIONS PRACTICE

    A.    Any Plaintiff may seek relief from some or all of the obligations of this Order, by motion to the Court that is served on Defendants' counsel of record.

        1.    The filing of such a motion does not toll any of the deadlines in this Order.

        2.    Defendants shall respond to any such motion within 14 days or the Court will treat the motion as unopposed.

    B.    Absent relief being granted by the Court, any Plaintiff who fails to comply with one or more of the requirements of Sections I, II, or III, shall be identified along with a brief description of the non-compliance(s) in a Notice of Noncompliance filed with the Court and served on counsel for identified plaintiffs (or, if the Plaintiff is proceeding *pro se*, on the Plaintiff). An individualized Notice of Noncompliance must be filed in each individual case identified by Defendants. Notices identifying multiple cases or Notices filed in the main MDL docket, rather than in each case, will not be accepted by the Court.

1. Upon receipt of a Notice of Noncompliance, the Court shall enter an Order to Show Cause why the case should not be dismissed for non-compliance, allowing twenty-one (21) days for each Plaintiff to respond.  Defendants may file individualized replies to the Plaintiff's response.

2. Any Plaintiff who fails to show cause, either by failing to respond by the deadline or by failing to carry his/her burden as to the alleged non-compliance(s), including based on the Court's consideration of any applicable reply, shall be dismissed.

**SO ORDERED** this _____day of _____ 2024.

_____
**EDMUND A. SARGUS, JR.**
**United States District Judge**