**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC. POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-MD-02846-EAS-KAJ<br><br>Concerning Case No. 2:19-CV-00103, *Luks v. Davol Inc., et al.* |

## PLAINTIFFS' RENEWED MOTION FOR ORDER SUGGESTING REMAND

Plaintiffs Stephen Luks, Karen Savage, Darren Stevenson, and the Estate of Linda Luks hereby move this Court for a second time for entry of an order suggesting the Judicial Panel on Multidistrict Litigation remand this matter back to the District of Arizona where it was originally filed.

Plaintiffs are the surviving spouse and children of Linda Luks, as well as Ms. Luks' Estate, who have wrongful death and related claims against Defendants arising out of catastrophic and ultimately fatal injuries caused by the Bard Composix Kugel Hernia Patch. In 2021, they requested the Court issue an order suggesting remand to the Judicial Panel on Multidistrict Litigation. (ECF No. 23.) Details on the procedural history of this matter—which was filed in the District of Arizona prior to the creation of this MDL—can be found in that prior filing and Plaintiffs' reply thereto. (ECF No. 25.) The Court denied the motion without prejudice on February 23, 2022. (ECF No. 26.) Three years have passed but this

1

case is no closer to resolution, and additional compelling reasons now suggest that remand is appropriate.

Among the reasons Plaintiffs sought remand three years ago was that Ms. Luks' widower Plaintiff Stephen Luks was elderly and struggling with cancer. He is now 80 years old, his cancer has returned, and his health is declining. He likely will not survive to have an opportunity to press his wrongful death claim unless remand is obtained at the earliest available opportunity. The Court conspicuously did not address Mr. Luks' health in its prior order denying Plaintiffs' motion without prejudice, so Plaintiffs re-urge remand on that basis.

Further, there is not expected to be any further benefit to this case from the MDL as there are no further discovery activities expected to take place in the MDL and the Court cancelled the fourth bellwether trial in Case Management Order No. 50 earlier this year. (MDL ECF No. 827.) Plaintiffs' leadership and Defendants are apparently attempting to negotiate a global deal to facilitate resolution and remand individual cases, but the negotiations have dragged. The MDL has exhausted its purpose as to this matter, and remand so that the parties in this matter can use the general discovery generated by the MDL to try this case in the District of Arizona is now appropriate.

Accordingly, and for the reasons stated herein, Plaintiffs request that the Court issue an order suggesting that this case because of its unique circumstances should be remanded from the MDL. Plaintiffs can then submit that order in a motion for remand to the J.P.M.L. seeking to return this matter to the District of Arizona so that it can proceed on its individual merits.

RESPECTFULLY SUBMITTED this September 3, 2024.

                              **O'STEEN & HARRISON, PLC**

                              Lincoln Combs
                              300 W. Clarendon Ave., Suite 400
                              Phoenix, Arizona 85013-3424
                              *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing on all parties of record.

                            By: */s/ C. Lincoln Combs*
                                   C. Lincoln Combs