UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION** | Case No.: 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |

**This document relates to:**
**ALL ACTIONS.**

CASE MANAGEMENT ORDER NO. 56
(Establishment of Qualified Settlement Fund)

Pursuant to agreement by Plaintiffs' Lead Counsel and C. R. Bard, Inc., Davol Inc., and Becton, Dickinson and Company ("Bard") and to this Court's authority to manage its docket and ensure the just, speedy, and inexpensive resolution of cases in accordance with the Federal Rules of Civil Procedure, it is **ORDERED** that:

Consistent with the substantially similar Order entered by the Court in the RI Coordinated Proceeding, PC-2018-9999, Case Management Order No. 14, on December 9, 2024:

The funds be deposited into an account pursuant to the terms agreed to by Plaintiffs' Lead Counsel and Bard and any subsequent master settlement agreements relating to Hernia Repair Products manufactured, distributed, and/or designed by Bard (collectively, the "Hernia Mesh Claims") between additional claimants and Bard, which is designated as a Qualified Settlement Fund ("QSF" or "Fund") pursuant to § 468B of the U.S. Internal Revenue Code (26 U.S.C. § 468B) and the regulations promulgated thereto from the earliest date permitted by law;

(1) The funds deposited may be invested, disbursed, paid and/or transferred in accordance with the terms agreed to by Plaintiffs' Lead Counsel and Bard and the Escrow Agreement;

(2) The name on the account shall contain "2024 Bard HM Global Qualified Settlement Fund" or the functional equivalent in its name;

IT IS FURTHER ORDERED THAT:

(3) The Fund, under the terms and conditions agreed to by Plaintiffs' Lead Counsel and Bard, is authorized to enter into individual Releases with persons asserting Claims, including the use of settlements with periodic payments and authorizing the Fund to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee;

(4) Archer Systems LLC is appointed to serve as the exclusive lien administrator ("Lien Administrator"), and will be responsible for, among other things, verifying and resolving Medicare's and/or Medicaid's reimbursement interest (or otherwise calculating a reasonable holdback amount with the consent of Medicare and/or Medicaid), resolving other liens, and reporting to the QSF Administrator and/or the parties on the status of liens pursuant to the terms agreed to by Plaintiffs' Lead Counsel and Bard and the Escrow Agreement, as applicable;

(5) Bard shall have no responsibility for the expenses or administration of the Fund and shall have no liability to the Claimants in connection with such administration or decisions made by the Lien Administrator and/or QSF Administrator (collectively, "Administrators") in the discharge of any and all Administrators' duties. Bard shall in no way be associated with the administration of the Fund or be liable in respect of any

dispute between or among any Claimants and their respective counsel in respect of any costs, expenses, legal fees or litigation costs to be deducted from the Fund.

(6) Wells Fargo Bank is appointed as the Escrow Agent and Peter Haugh shall be appointed "QSF Administrator" responsible for the custodianship of the settlement monies and will be responsible for, among other things, the disbursement of funds, pursuant to proper instructions by the Lien Administrator, Administering Counsel[1], Special Master Ellen Reisman, and Special Master John Jackson (collectively, the "Special Masters") and/or Bard where required pursuant to the terms agreed to by Plaintiffs' Lead Counsel and Bard.

(7) Administering Counsel, the Special Masters, the Lien Administrator, and/or Bard where required pursuant to the terms agreed to by Plaintiffs' Lead Counsel and Bard shall have the authority to administer and distribute the individual amounts from the QSF to eligible Settling Claimants and to perform other necessary and proper administrative tasks for the QSF as applicable.

(8) The QSF Administrator is authorized, following completion of all structured settlement agreements and final distribution of monies paid from the Fund to eligible claimants under the terms agreed to by Plaintiffs' Lead Counsel and Bard, to take appropriate steps to wind-down the Fund, including remitting unused funds back to Bard, and thereafter discharging the Fund, as directed by the Special Masters, from any further responsibility with respect to the Fund.

**SO ORDERED this _____ day of _____ 2024.**

---

[1] Pursuant to the agreement of Plaintiffs' Lead Counsel and Bard, Administering Counsel is Kelsey L. Stokes on behalf of MDL 2846 and Jonathen D. Orent on behalf of the RI Consolidated Proceeding.

**12/16/2024**                              **s/Edmund A. Sargus, Jr.**
**Date**                                     **EDMUND A. SARGUS, JR.**
                                             **United States District Judge**